[No. 12114.   Department Two.   April 5, 1915.]

George Z. Worden, *Respondent*, v. Velma Worden, *Appellant*.[1]

Divorce — Alimony — Modification — Change of Condition.   A change in the financial circumstances of a former husband, warranting a modification of a decree for monthly alimony, is sufficiently shown where it appears that, on granting the divorce, the property was divided, and since the divorce his income has not been sufficient to meet the monthly payments, and further payments cannot be made without sacrificing the property awarded to him in the decree.

Divorce—Alimony—Revocation of Order.   Where a decree of divorce awarded alimony to the wife "until the further order of the court," the order, being temporary in its nature, was subject to revocation at the discretion of the court.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered December 13, 1913, directing the discontinuance of alimony awarded by a decree of divorce, after a hearing before the court.   Affirmed.

*Thos. R. Waters* and *Wm. J. Biggar*, for appellant.

*Chas. A. Sather*, for respondent.

Fullerton, J.—The respondent and appellant were formerly husband and wife.   They were divorced by a decree of the superior court of Whatcom county, entered on February 24, 1913.   The decree partitioned the real property, which consisted of mere contracts of purchase, and the corporeal personal property of the parties, between them in apparently equal moieties; directed that the respondent pay to the appellant forthwith the sum of $214.50, as her share of an open account owing the parties by one Eunice A. Worden; the costs of the divorce proceeding, with $25 as attorney's fees to the appellant's counsel; and the sum of $15 per month as alimony for the use of the appellant until the further order of the court.

[1]Reported in 147 Pac. 403.

The respondent paid the fixed sums as ordered by the decree, borrowing the money for that purpose, and the installments of alimony until the month of November, 1913, when he instituted this proceeding, seeking to be relieved of any further payments on that account. Notice was given the appellant of the application and a hearing had thereon, at the conclusion of which the court, by a general order, granted the relief asked. From the order so entered, this appeal is prosecuted.

The order as entered by the court does not disclose the grounds upon which it was rested, but it is gathered from the proceedings occurring at the hearing that it was rested on two grounds, namely: misconduct on the part of the appellant of an immoral nature occurring since the entry of the decree, and a change in the financial circumstances of the respondent rendering him incapable of complying with the order.

As to the first ground stated, we agree with the appellant's counsel that the evidence does not justify a finding that the appellant has been guilty of immorality, and that the order cannot rest on that ground even though it be conceded that the appellant's conduct is now a matter of concern to her former husband. But we think it may rest on the latter ground. The evidence does not show the respondent's income at the time the divorce was granted, but does show that it has not been sufficient since that time to meet the obligations put upon him by the court in the decree, and that further payments by him of the monthly alimony cannot be made without a sacrifice of the property awarded him in the decree. It is argued by the appellant that this is not sufficient to show a change in the financial circumstances of the respondent. But we think it is, under the rule of *Mahncke v. Mahncke*, 43 Wash. 425, 86 Pac. 645. Here, as was the fact in that case, the evidence on which the original decree is based is not before us, and we must presume that it was founded on sufficient evidence. Since it appears

that the respondent is not now able to meet these payments, a presumption of change in circumstances of the respondent follows as of course. Moreover, the requirement for the payment of alimony was temporary at most. It was to be made only until the further order of the court, and, seemingly, was not made upon the basis of a just or reasonable division of the estate of the parties, but as an act of grace to the wife to continue until such time as she could accommodate herself to the changed conditions. The trial court therefore had power to revoke the order on application at his discretion, and we cannot think the discretion abused in this instance.

The order is affirmed.

CROW, ELLIS, MOUNT, and MAIN, JJ., concur.