[No. 14138.  Department One.  July 5, 1917.]

MARY A. ANDERSON, *by her Guardian Frances A. Roberts,
Respondent,* v. JOHN S. ANDERSON, *Appellant.*[1]

DIVORCE—DECREE—VACATION—ATTACK FOR FRAUD.  An attack upon
a judgment of divorce for fraud in its procuring, by petition in the
original suit, is contrary to proper practice and is the inception of
a separate independent action.

SAME—DECREE—ALIMONY—POWER TO MODIFY.  Where the power
to modify an absolute decree of divorce is not reserved, the court
has no revisory control to be exercised at will.

SAME—DECREE—VACATION—FRAUD—POWER TO MODIFY.  Where an
absolute decree of divorce awarding alimony is attacked upon the
ground of fraud in concealing property from the wife, and the court
finds that there was no fraud in the original case, there is no juris-
diction to set aside or modify the decree.

Appeal from a judgment of the superior court for King
county, Jurey, J., entered November 22, 1916, upon findings
in favor of the plaintiff, in an action to vacate a decree of
divorce on the ground of fraud, tried to the court.  Reversed.

*Frank E. Hammond,* for appellant.

CHADWICK, J.—On the 16th day of July, 1915, Mary A.
Anderson was divorced from her husband, John S. Anderson.
A decree was entered granting to the plaintiff certain prop-
erty and $15 a month alimony for the care and support of
a minor child.  Sometime thereafter, Mrs. Anderson was ad-
judged to be an insane person, and the custody and guardian-
ship of the child was transferred to the father, John S. An-
derson, by the juvenile court.  Frances A. Roberts was ap-
pointed guardian of Mary A. Anderson and has filed a peti-
tion in the original action, alleging that the defendant was
guilty of fraud in procuring the decree of divorce, in that he
concealed property of great value and which in equity should
be shared with his former wife.  The filing of a petition in

[1]Reported in 166 Pac. 60.

the original suit is contrary to the practice as defined by our former decisions. An attack upon a judgment, for fraud in its procuring, by petition is the inception of a separate, independent action. *Roberts v. Shelton Southwestern R. Co.*, 21 Wash. 427, 58 Pac. 576; *Cooper v. Cooper*, 83 Wash. 85, 145 Pac. 66.

The court, however, entertained the petition to modify the decree and, over the objection of the appellant, heard the evidence offered by the petitioner. Notwithstanding an affirmative finding that appellant had been guilty of no fraud or concealment in the procuring of the decree of divorce was made, the court found that Mary A. Anderson was entitled to and should receive from the defendant $15 a month, to be paid to her guardian, and that he should pay off and discharge the lien of a certain mortgage upon the property which had been theretofore decreed to his divorced wife.

A decree of divorce stands upon no higher ground than a decree in any other suit or proceeding. The court so held in *Ruge v. Ruge, ante* p. 51, 165 Pac. 1063, saying:

"We must disabuse our minds of the thought that there is any peculiar mystery attaching to decrees of divorce and alimony merely because they are such. But if they and their incidents are to be treated differently from ordinary judgments and decrees, it must be so because of some scientifically and logically sound basis upon which they can be considered as exceptions to the general rules."

Divorce decrees are considered to be within an exception to the general rules governing the stability of judgments, in that the court may specifically withhold its jurisdiction to modify a decree to meet the changed conditions of the parties or property, or when the welfare of a minor child is involved. If the divorce decree is absolute and does not come within the above mentioned exceptions, "there is no power in the court to modify or alter it to meet the changed conditions." *Ruge v. Ruge, supra.*

When a decree absolute is once entered, the rights of the parties are to be measured and determined as those of ordi-

nary litigants, stripped of that element of sentimentality which too often enters into and becomes a part of a decree of divorce. *Hector v. Hector*, 51 Wash. 434, 99 Pac. 13; *Dolby v. Dolby*, 93 Wash. 350, 160 Pac. 950. The court does not retain a revisory or supervisory control to be exercised at will or within the limit of juridical discretion because the parties have theretofore been husband and wife.

We understand the rule to be, and there is no exception to it as far as we are advised, that a court cannot, upon petition or motion and by subsequent order, amend or modify its decree unless the right so to do is reserved. A court has jurisdiction to vacate a decree and to enter another decree under certain conditions enumerated and within the time limit fixed by statute. A court of equity will also take jurisdiction to set aside a decree on the ground of fraud practiced upon the parties or upon the court, but before the court has jurisdiction to proceed to modify the old or to enter a new decree, it must set aside its former decision upon some ground recognized either in law or equity.

The ground upon which the respondent in this case predicates her right to vacate the decree is that fraud was practiced. The court found there was no fraud, and granting the right to proceed by petition in the original cause, it follows that it had no jurisdiction to either set aside the existing decree or to modify it upon a subsequent hearing. The law governing is sufficiently discussed in *Wagner v. Northern Life Ins. Co.*, 70 Wash. 210, 126 Pac. 434, 44 L. R. A. (N. S.) 338, and *Forsyth v. Dow*, 81 Wash. 137, 142 Pac. 490.

The judgment of the court below is reversed. Remanded with instructions to dismiss the petition.

MORRIS and WEBSTER, JJ., concur.

ELLIS, C. J., concurs in the result.