[No. 15251.  Department Two.  October 28, 1919.]

ISABEL HOLTER, *Appellant*, v. CHRISTIAN J. HOLTER, *Respondent*.[1]

DIVORCE (75)—ALIMONY—SUPPORT OF CHILDREN—POWER TO MOD-
IFY.  The court has power to modify a decree of divorce awarding
the wife the exclusive use of all the property for fifteen years for
the support of herself and minor children, upon its appearing that
the children had become self-supporting and the necessity no longer
existed.

SAME (86)—DECREE—ENFORCEMENT—CONTEMPT.  Failure to obey
an order modifying a decree of divorce subjects the party to a judg-
ment for contempt, where the court had jurisdiction and the order
was unappealed from.

Appeal from an order of the superior court for
Klickitat county, Darch, J., entered July 8, 1918, ad-
judging the plaintiff to be in contempt of court and
sentencing her to imprisonment.  Affirmed.

*J. D. Akins,* for appellant.

*E. C. Ward* and *McMaster, Hall & Drowley,* for re-
spondent.

MOUNT, J.—This appeal is from an order of the
superior court of Klickitat county, adjuding the appel-
lant in contempt for refusing to obey an order of the
court in a divorce proceeding and sentencing her to
imprisonment for a period of ten days.

The facts are as follows:  On the 26th day of Feb-
ruary, 1908, the superior court of Klickitat county
entered a decree divorcing plaintiff from her husband.
In that decree the court found that there were nine
children of the marriage, seven of whom at the date
of the decree were minors; that all the property of
the parties was community property consisting of
real estate and personal property; that the real estate

[1]Reported in 185 Pac. 598.

was of the value of four thousand five hundred dollars, and the personal property of the value of eight hundred dollars; that there was a mortgage indebtedness of two thousand seven hundred dollars. The court also found:

"That the plaintiff [Mrs. Holter] is a suitable person to have the care, custody and control of said minors, and that the expense of the maintenance and education of said minor children and the support of the plaintiff will be such that the plaintiff should have the entire personal property, and all the rents, issues, and profits of the real estate for such purpose, and that the same should be awarded to the plaintiff, and the plaintiff should be put in possession of the same, and the defendant should be enjoined from interfering with the possession of the plaintiff, or from molesting the plaintiff in her possession of the same, or in the control and custody of said children.

"That the defendant is of the age of about 50 years, and that some provision should be made towards his maintenance in old age, in case the property is sufficient to satisfy the indebtedness and maintain the said minor children and plaintiff."

The court thereupon entered a decree awarding to plaintiff an undivided two-thirds interest in the real estate. The decree then recites:

"The said plaintiff, Isabel Holter, is further awarded and granted the exclusive possession and right to the use of the whole of said property for the period of fifteen years from and after the date hereof, with the exclusive right to all of the rents, issues and profits therefrom, and the right to cut and remove the whole or any part of the timber thereon, and to sell or otherwise dispose of the same, for her own use and benefit. And the said defendant is hereby restrained and enjoined from trespassing upon or in any way interfering with the possession of the plaintiff in and to said real property during said term of fifteen years.

"That at the expiration of the period of fifteen years from the date of this decree, if the said defendant

shall obey the mandate of the court made herein, and if then living, the defendant shall be entitled to and shall receive an undivided one-third interest and title in and to all said real estate, otherwise the whole of said real property shall vest in the said plaintiff, if living, and in case of her decease prior to said time, then in the said children of plaintiff and defendant, in equal shares.''

Thereafter, on July 8, 1915, the defendant in the divorce action filed a petition for a modification of the decree, setting out, among other things, that the children had then all become of age, except four; that the property had largely increased in value; that petitioner had been compelled to earn his livelihood by manual labor and had no other property than his one-third interest in the real estate; that Mrs. Holter was in good circumstances and would be able to permit him to take his one-third of said real estate without depriving her of income necessary for her support and the support of her children. This petition came on to be heard upon the 30th day of July, 1917; and the court, on the 12th day of October, 1917, made findings to the effect that, at that time, there were only three minor children, being then of the ages of thirteen, sixteen and twenty years; that the eldest of these was supporting himself, and the next eldest was more than able to earn his own livelihood. The court also found that the real estate was worth upwards of eight thousand dollars; that the petitioner was in ill health and unable to do manual labor, the only kind of which he was capable; and

''That it is no longer necessary that the plaintiff have the use of the defendant's one-third interest in said real estate in order to support herself or said children, but that the other property of the plaintiff is ample and sufficient for the support of the plaintiff and said minor children.''

The court thereupon made an order modifying the original decree and awarding to the petitioner one-third of the crop raised upon his undivided one-third interest in the real estate, permitting the possession of the real estate to remain in the plaintiff, and requiring her to deliver one-ninth of the crop produced upon the premises to the defendant. Thereafter the plaintiff refused to comply with this order of the court, and a citation was issued commanding her to show cause why she should not be punished for contempt for not complying with the modified decree entered on the 12th day of October, 1917. Upon a hearing upon this show cause order, the court found that the plaintiff in the divorce action (the appellant here) wilfully refused to abide by such order and was in contempt of court, and sentenced her to a term of ten days in the county jail. She has appealed from that order.

Appellant's position upon this appeal is that the trial court had no jurisdiction to modify the original decree in the divorce action, and that the order of modification was therefore void, and that the appellant was not in contempt for failing to obey a void order. There can be no doubt that, if the court was without power to modify the decree of divorce, the order of modification was void, and she may not be punished for contempt for failing to comply with that order. *Metler v. Metler,* 32 Wash. 494, 73 Pac. 535.

The only remaining question in the case is whether the court granting the divorce had power afterwards to modify the decree in reference to the disposition of the property. In the case of *Ruge v. Ruge,* 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F 721, this court was called upon to determine in what instances decrees of divorce might be modified. In that case, after a painstaking examination of the authorities, Judge Webster, speaking for the court, said:

"Upon careful analysis, the cases seem naturally to arrange themselves into six well defined and distinct classes, each class being based upon sound fundamental principles and the rule pertaining to it being the result of clear logic. These classifications are as follows:

"I. Where the decree in the main action is one granting a divorce *a mensa et thoro*, . . .

"II. The second class includes the cases where the alimony awarded is temporary or *pendente lite,* as distinguished from permanent.

"III. This class includes cases where there are minor children of the parties to the divorce action,

. . .

"IV. Comprising this class are the cases where the court, by express provision in its decree, reserves to itself either all or a portion of its power to provide alimony for the wife or maintenance for the children. . . .

"V. In this division are included the cases where, by statute in the particular jurisdiction, power is expressly conferred upon the court to, from time to time, on the petition of either of the parties, revise or alter its judgment or decree respecting the amount of alimony or maintenance. . . .

"VI. In this class fall all of the cases not included in the foregoing classification, viz., cases where the divorce is absolute, the alimony awarded is permanent, there are no minor children, there is no express reservation in the decree, and there is no statute in the particular jurisdiction expressly, or by necessary implication, conferring upon the court the authority to modify or alter its decrees in respect to alimony for the support of the wife."

We are satisfied that the case at bar falls within the third class, because of the minor children of the parties to the divorce action. In the *Ruge* case, in referring to this class of cases, we said:

"As it seems to us, the true basis upon which the power to modify the decree in these cases rests is that out of the marital relation springs a new relationship,

viz., that of parent and child. Palpably neither executive edict, enactment of legislature, nor decree of court can change the relationship existing between parent and child. The courts may decree that the marital tie shall be absolutely severed and the parties be placed, so far as the law is concerned, in the same situation that they occupied prior to the solemnization of the marriage ceremony; but they cannot alter or modify the fact that a father is the parent of his offspring. This parental relationship, springing as it does from the relationship of marriage, is to this extent incident to the marital status. But the duty of the father, if he has means with which to do so, to support his infant children springs immediately from the parental relationship. As this relationship, incidental as it is to the marriage state, continues to exist after the status out of which it arose has been terminated, either naturally, as by death, or artificially, as by divorce, the duty incident to that continuing relationship still exists. The right of the wife to alimony arises immediately out of the marriage contract, but the right of the child to support at the hands of its parents springs from the incidental relationship which had its origin in marriage, to wit, that of parent and child. The court, therefore, acting upon this relationship as one of the things brought to it by the divorce action, has the power to modify or alter its decree so long as there are minor children under the protection of the court.''

At the time of the original decree, there were seven minor children, ranging from four years to nineteen years of age. The trial court at that time concluded that the wife was the proper person to have the care, custody and control of all these minor children, and that it was necessary for her to have exclusive use of all the community property for her support and for their support and maintenance; for the court, in that case, found:

''That the expense of the maintenance and education of said minor children and the support of the plaintiff

will be such that the plaintiff should have the entire personal property, and all the rents, issues, and profits of the real estate for such purpose, . . ."

So it is apparent from the decree in the original case that the possession and use of all the property was awarded to the appellant for the benefit of herself and her minor children. Under the rule in the *Ruge* case, *supra,* we think it is plain that the court had power to control the use of this property for these minor children. We also think it is plain that, if the husband had prospered after the divorce and the property awarded to the wife was insufficient to properly care for her minor children, the court, without doubt, would have power to require the father to furnish additional support for the minor children. It follows, we think, if the court had that power, it also had power, when it was shown that the use of the property was no longer necessary for the support of the divorced wife and her minor children, to decrease the award given in the original decree. In short, if the court had power to increase the award, and in that way modify the original decree, it certainly had power to decrease the award when it was shown that the whole property was no longer necessary for the support of appellant and her minor children. It follows, therefore, that the trial court had jurisdiction to modify the decree. The judgment modifying the decree was not appealed from. It therefore became binding on both parties, and when the appellant refused to abide by it she subjected herself to the penalty which follows contempt.

The judgment appealed from must therefore be affirmed.

HOLCOMB, C. J., BRIDGES, PARKER, and FULLERTON, JJ., concur.