[No. 17991.  Department One.  July 31, 1923.]

BERTHA M. CASSUTT, *Appellant*, v. CASPER J. CASSUTT,
*Respondent*.[1]

DIVORCE (75)—ALIMONY—MODIFICATION OF DECREE—JURISDICTION
—STATUTES. The superior court has no power to reserve, in a divorce
decree, jurisdiction to modify its disposition of the property, in
view of Rem. Comp. Stat., § 988, providing that the interlocutory
decree shall be final as to the division of the property unless ap-
pealed from and § 988-1, providing that the absolute divorce, to be
entered six months later, shall conform to the interlocutory order
and that no appeal shall lie therefrom.

Appeal from an order of the superior court for King
county, Smith, J., entered April 6, 1923, modifying a
decree of divorce respecting alimony, after a hearing
before the court.  Reversed.

*Chas. C. Curtis*, for appellant.

*Ryan & Desmond*, for respondent.

HOLCOMB, J.—On August 25, 1921, the lower court,
in a divorce action between the parties hereto, made
findings of fact and conclusions of law to the effect
that appellant was entitled to an interlocutory order
of divorce from respondent, and on that day signed
and entered the interlocutory order.

Among other things, the court found that the com-
munity property of the parties consisted, with other
property, of a business known as the Seattle Music
House, of the approximate value of between $40,000
and $50,000.  The court concluded that appellant was
entitled to, and respondent should pay to her as and
for maintenance, support for herself, and as a final
settlement of the community property rights of the
parties, the sum of $15,000, in installments of $400 on

[1]Reported in 217 Pac. 35.

the first of each and every month thereafter until the total sum of $15,000, together with interest at the rate of seven per cent per annum, should be fully paid, and impressed a lien in favor of appellant against the business known as the Seattle Music House to secure the faithful performance on the part of respondent of the order of the court. The court at the same time awarded the business of the music house, of the approximate value of between $40,000 and $50,000, to respondent as his separate property. A bond of $20,000 was also required and furnished by respondent, and another for the security of the above payments. The interlocutory order was never appealed from, set aside, or modified. On September 2, 1922, the lower court signed and entered its final decree granting appellant a divorce from respondent, and confirming in all respects the interlocutory order entered on August 25, 1921. Respondent complied with the order as to the payments of the installments up to and including February, 1923.

On February 28, 1923, respondent petitioned the trial court for an order modifying the final decree in the cause to the extent that, instead of being required to pay $400 on the first day of each and every month to apply on the $15,000 awarded to appellant, he pay only $150 per month. After a hearing over the objections of appellant to the entertainment of the petition to modify, the trial court entered an order on April 6, 1923, modifying the final decree, from which order of modification appellant appeals.

Appellant contends that the trial court had no authority to modify the final decree or the interlocutory order, which had become final at the expiration of six months from the date of its entry. The interlocutory decree concluded as follows:

"It is further ordered, adjudged and decreed that this court expressly retains jurisdiction of all matters

herein and of the parties to this action for any and all purposes.''

In the final decree entered on September 2, 1922, which was, it seems, on appellant's own motion, this clause was incorporated:

''It is further ordered, adjudged and decreed that that certain interlocutory order made and entered by this court, on or about the 25th day of August, 1921, in the above entitled cause, be and the same is hereby confirmed in all respects, and the aforesaid interlocutory decree herein, by reference is hereby made a part of this final decree as fully as though set forth in detail herein.''

We have held in many cases, as in *Ruge v. Ruge,* 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F 721, decided in 1917, that,

''Where a decree of divorce is an absolute one and there are no minor children, and it awards periodical installments of permanent alimony without reserving to the court the power to subsequently make further orders, the award of alimony is *res adjudicata,* and the court, in the absence of statute, has no inherent power to change or modify the decree to meet altered conditions after the time limited by statute for the modification of judgments, the defendant not having appealed or attacked the judgment for fraud or mistake.''

In 1921 the legislature amended the divorce law by ch. 109, Laws of 1921, p. 332, which, among other things, provided:

''Section 988. . . . which [interlocutory] order shall also make all necessary provisions as to alimony, costs, care, custody, support and education of children and custody, management and division of property, which order as to the custody, management and division of property shall be final and conclusive upon the parties subject only to the right of appeal; . . .'' (Rem. Comp. Stat., § 988).

Section 988-1 provides:

"At any time after six months have expired, after the entry of such interlocutory order, and upon the conclusion of an appeal, if taken therefrom, the court, on motion of either party, shall confirm such order and enter a final judgment granting an absolute divorce, from which no appeal shall lie."

Respondent asserts that, since the interlocutory decree expressly retained jurisdiction of all matters between the parties in the action for all purposes, and that, at the motion of appellant, such provision retaining jurisdiction for all purposes is as final as any other provision of the order and decree. Respondent observes: "it must be conclusively presumed that the appellant, by adopting the provision reserving the jurisdiction in her final decree, approved of the same and that such reservation was made for her benefit as much as for the respondent's."

Appellant is as much bound by the law as respondent, and the law in force at the time the interlocutory decree was entered provided that the interlocutory order as to the custody, management and division of the property should be final and conclusive upon the parties, subject only to the right of appeal. Both parties were apparently satisfied with the provisions of the interlocutory order as to the custody, management and division of the property, for neither appealed. After six months, no appeal having been taken, the interlocutory order became final and conclusive upon both parties, and both of them were bound whether the final decree had so stated or not.

It will be observed that the Laws of 1921, p. 332, § 2, ch. 109, *supra,* does not make any change in the power of the court to reserve jurisdiction as to the care, custody, support and education of children, but only provides a rule different than that which had been

declared by this court, that, as to the division of the property of the parties and its custody, control and management, unless the interlocutory order be appealed from within the time allowed by law, its provisions become final and conclusive upon both parties after six months.

In the face of the language of that statute, which needs no interpretation, the trial court is deprived of authority to retain jurisdiction over the custody, management and division of the property after the expiration of six months, no appeal having been taken, by including a provision to retain jurisdiction.

The cases of *Worden v. Worden,* 84 Wash. 614, 147 Pac. 403; *Van Horst v. Van Horst,* 96 Wash. 658, 165 Pac. 886; *Anderson v. Anderson,* 97 Wash. 202, 166 Pac. 60; *Ruge v. Ruge, supra,* and *Holter v. Holter,* 108 Wash. 519, 185 Pac. 598, were all cases arising prior to the enactment of the amendment to the divorce law of 1921 and have no application here.

We conclude that the trial court was without authority to modify the decree and interlocutory order as to the matter involved herein, and the order appealed from must be reversed.

It is so ordered.

MAIN, C. J., MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.