[No. 21153.   Department One.   July 24, 1928.]

VERNA ABBOTT HUTCHISON, *Respondent and Cross-Appellant,* v. E. H. HUTCHISON, *Appellant.*[1]

[1] DIVORCE (38)—INCOMPATIBILITY—EVIDENCE—SUFFICIENCY. Findings awarding a wife a divorce will not be disturbed on appeal when supported by one unjustified circumstance when the husband refused to permit her to return to their home, although there was little to entitle either to prevail.

[2] DIVORCE (80)—DIVISION OF PROPERTY. Where the wife brought nothing to the union, and the marriage resulted in heavy financial loss to the husband, an allowance of alimony to a wife, capable of returning to her self-supporting occupation, which will leave her as well off as before the marriage, will not be disturbed on appeal.

[3] DIVORCE (72)—PERMANENT ALIMONY—AWARD OF GROSS SUM. In awarding alimony, the court's reservation of the right to modify the provisions will be reversed on appeal, where the conditions are such as to make a final disposition of property rights preferable.

Appeals from an interlocutory decree of the superior court for King county, Beals, J., entered November 19, 1927, awarding alimony in an action for divorce. Modified as to continuing features of the decree on defendant's appeal.

*Carkeek, McDonald, Harris & Coryell,* for appellant.

*Riddell & Brackett* and *T. N. Fowler,* for cross-appellant.

TOLMAN, J.—Both parties have appealed from an interlocutory decree adjudging the wife to be entitled to a divorce upon the expiration of the statutory six months, awarding her certain specified personal property and effects, $5,000 to be paid one half in cash and one half in six months with interest at the legal rate,

[1]Reported in 269 Pac. 341.

and as a further property settlement, the decree directs that the defendant pay to the plaintiff $100 per month for the period of one year, besides costs and attorney's fees. There is also a paragraph in the decree which reads:

"It Is FURTHER ORDERED, ADJUDGED AND DECREED that the court hereby expressly retains jurisdiction of this cause for consideration of such application as the plaintiff may make for the allowance of alimony either by continuing, discontinuing, changing, increasing, or diminishing the amounts of such monthly payments after the expiration of the period of one year as provided for in the preceding paragraph."

The defendant by his appeal questions the granting of the decree to the plaintiff, the amount of the allowance to her and the continuing provisions of the decree which we have quoted, while the plaintiff's cross appeal is based upon the contention that she should have been allowed a property settlement of at least $20,000.

[1] This is one of those cases where the trial court had far better opportunities for arriving at a just solution of the several issues of fact than we can acquire from the written record. On the divorce issue, from the record alone, we might very well hesitate to say that either party was entitled to prevail. Each had been previously married and divorced. Each was of mature years when they intermarried. The husband was some seventeen years older than the wife. He was a man of substance and property, holding a responsible and lucrative position, while the wife had nothing beyond her personal earnings of twenty-five dollars per week as a sales lady. The husband was British born and bred. The greater part of his life was spent in London and in China, where he was an employee of a British company, and even during the twenty years spent here, he was still an employee of the same British

company, and of late years the manager of its branch office located in Seattle.

The husband was undoubtedly dogmatic and autocratic, but just, according to his views of the situation. We find, however, no sufficient ground upon which to excuse his act in refusing to receive the wife in the home upon her return from a visit to California, taken with his consent; and his action in directing her to go to a hotel upon her arrival in the home city, where he paid her bill pending the adjustment of their difficulties, taken in connection with the other matters shown, probably was sufficient, in the light of the knowledge gained by the trial court through the study of the parties as they appeared before him, to justify the trial court's findings upon which the decree is based.

Upon the other hand, the wife must have known the husband's disposition and temperament before she married him far better than he could have known her's, because his characteristics are outstanding and self-evident. Whether she did all that she should to adjust herself to those peculiar characteristics, the trial court by his decree seems to have determined in her favor, and since the one particular thing which we have pointed out stands without sufficient excuse, we feel obliged to say that the evidence does not preponderate against the finding of the trial court on the divorce issue and therefore we shall not disturb the decree in that respect.

[2] We come now to the property issue. The defendant seems to have made a very fair and full disclosure of his financial condition prior to and during the marriage and at the time of the trial. Soon after the marriage, he purchased an expensive home and furnished it in a style consistent only with a rather high standard of living. If the marriage had proved

a success, this perhaps would have been justified, but the marriage failing, the home, even stripped of the personal effects awarded to the wife, is far beyond the needs of a single man, and the financial loss from depreciation and the cost of maintenance will be, no doubt considerable. The trial court found the net financial worth of the defendant to be in excess of $45,000 and his present annual salary to be $7,500, augmented by some income from property investments, but even if we fix his net worth at $50,000, he is heavily indebted, and if he is to care for the mortgage on the home of $7,000 and some $20,000 of other indebtedness without loss or embarrassment, besides paying the awards made by the decree, he will be obliged to exercise good judgment and caution. We are clearly of the opinion that the financial condition of the defendant was not materially improved during the marriage, that the wife added nothing to the financial prosperity of the community, and treating the husband's earnings as community property, we cannot say that there is now anything of moment, bearing the community stamp, left to divide.

In divorce actions, while attention will be given to the source from which the property is derived, that is not controlling. The needs of the wife are perhaps of more importance. Here we find a wife in the prime of life, in apparent general good health, who was self-supporting before marriage, who brought no financial help to the marital enterprise, who for more than four years enjoyed the advantages of the husband's income and who now seeks to end the relation. There being no children to burden her, she can again seek gainful employment and, no doubt, aside from the allowances here made, will be as well off as she was before the marriage. With these allowances, she is amply provided with means to meet all of her reasonable needs until

she can adjust herself to the situation and perfect plans for her future. We feel constrained to hold that, under all the circumstances, the allowance by the trial court was just, fair and even liberal.

[3] With reference to the continuing feature of the decree, however, we are not in accord. It is far better for both parties and for the public that there should now be a definite and final settlement and no invitation should be held out for future controversy and litigation. Indeed, all deferred payments should be made payable on or before, so that the defendant, if able and so minded, may free himself from these obligations at an early date.

The cause is remanded, with directions to modify the decree as herein indicated. Neither party will recover costs in this court.

Fullerton, C. J., Mitchell, Parker, and French, JJ., concur.