BELTING *v*. WAYNE CIRCUIT JUDGE.

1. DIVORCE—PROVISION IN LIEU OF DOWER REQUIRED.
   The statute (3 Comp. Laws 1915, § 11436) requires every decree
   of divorce to make provision in lieu of dower.

2. SAME—PAYMENT OF ALIMONY ENFORCEABLE BY CONTEMPT PRO-
   CEEDINGS.
   An order of court for payment of alimony, either permanent or
   temporary, is enforceable by proceedings for contempt, but
   other orders for payment of money are not so enforceable
   unless by law execution for collection cannot be awarded
   (3 Comp. Laws 1915, § 12268, subd. 5).

3. EXECUTION—CHANCERY DECREES ENFORCEABLE BY EXECUTION.
   Decrees of a court of chancery may be enforced by execution
   (3 Comp. Laws 1915, § 12965).

4. DIVORCE—ALIMONY DEFINED—DOWER.
   Alimony is the substitute for the common-law right of marital
   support, and permanent alimony, which has been defined as
   a provision for the support and maintenance of a wife out of
   her husband's estate during her lifetime, ordered by a court
   on decreeing a divorce, is essentially a different thing from a
   division of property, and is also different from an award in
   lieu of dower.

5. SAME—COURT MAY ALTER AMOUNT OF ALIMONY.
   The court has power to revise and alter the amount of alimony
   allowed in a decree of divorce (3 Comp. Laws 1915, § 11417),
   but a provision in lieu of dower or on a property settlement
   is final and cannot be modified or altered except for fraud or
   other cause upon which any other final decree may be reviewed.

6. SAME—DECREE FOR PAYMENT OF ALIMONY NOT A DEBT.
   A final decree for general payment of money is a debt, but for
   payment of alimony it is not.

7. SAME—EVIDENCE—UNAMBIGUOUS DECREE NOT EXPLAINABLE BY
   EXTRANEOUS MATTERS.
   Where a divorce decree is complete and unambiguous in itself,
   extraneous matters may not be resorted to for the purpose of

giving it a meaning which its language, without such help, would not carry.

8. SAME—AWARD IN LIEU OF DOWER NOT ENFORCEABLE BY CONTEMPT PROCEEDINGS.

A divorce decree, which plainly states the award to be in lieu of dower and in satisfaction of property claims, is not enforceable by contempt proceedings.

9. SAME—DIVORCE DECREE FAILING TO SET UP PURPOSE OF SETTLEMENT IS AMENDABLE IN DIRECT PROCEEDINGS.

If a divorce decree does not set up the true purpose of a settlement between the parties, the remedy is in direct proceedings for amendment.

Mandamus by Peggy Alfredia Belting to compel Adolph F. Marschner, circuit judge of Wayne county, to vacate an order dismissing a contempt proceeding. Submitted October 16, 1928. (Calendar No. 33,905.) Writ denied December 4, 1928.

*J. Paul Wait,* for plaintiff.

*Hoffman & Miller,* for defendant.

FEAD, C. J. On July 28, 1924, Roy O'Keeffe had *pro confesso* decree of divorce from plaintiff herein. The decree provided:

"It is further ordered, adjudged and decreed, that the plaintiff, Roy O'Keeffe, shall pay to the defendant, Peggy Alfredia O'Keeffe, the sum of fifteen hundred ($1,500) dollars, said sum to be paid at the rate of one hundred twenty-five ($125) dollars per month beginning on the 15th day of August, A. D. 1924, which sum shall be in lieu of her dower or dower interest in and to any property now owned by the said Roy O'Keeffe, or which he shall hereafter acquire, and shall be in full satisfaction of all claims that the said defendant may have in and to any property now owned by the said Roy O'Keeffe,

or which he may hereafter acquire, and shall be in full satisfaction of any claims the said defendant, Peggy Alfredia O'Keeffe, may hereafter have under and by virtue of the statutes of the State of Michigan.''

This provision was made in pursuance of a property settlement between the parties. O'Keeffe still owes $880 of the award. On November 29, 1927, plaintiff commenced proceedings against him for contempt in not paying the sum due. On return of order to show cause the court dismissed the order on the ground that the provision in the decree was not for payment of alimony, but was in lieu of dower rights. This action is mandamus to compel the court to set aside its order of dismissal.

The statute requires every decree of divorce to make provision in lieu of dower. 3 Comp. Laws 1915, § 11436. An order of court for payment of alimony, either permanent or temporary, is enforceable by proceedings for contempt. 3 Comp. Laws 1915, § 12268, subd. 5. Other orders for payment of money are not so enforceable unless by law execution for collection cannot be awarded. 3 Comp. Laws 1915, § 12268, subd. 5; *Carnahan* v. *Carnahan,* 143 Mich. 390; *Jones* v. *Wayne Circuit Judge,* 236 Mich. 313. Decrees of a court of chancery may be enforced by execution. 3 Comp. Laws 1915, § 12965.

Alimony is "the substitute for the common-law right of marital support." *West* v. *West,* 241 Mich. 679. Permanent alimony has been defined as a provision for the support and maintenance of a wife out of her · husband's estate during her lifetime, ordered by a court on decreeing a divorce. It is essentially a different thing from a division of property. *Mesler* v. *Jackson Circuit Judge,* 188 Mich. 195. It is also different from an award in lieu of

dower. Thus, the court has power to revise and alter the amount of alimony allowed in a decree. 3 Comp. Laws 1915, § 11417. But a provision in lieu of dower or on a property settlement is final and cannot be modified or altered except, of course, for fraud or other cause upon which any other final decree may be reviewed. *Kutchai* v. *Kutchai*, 233 Mich. 569. A final decree for general payment of money is a debt; for payment of alimony it is not. *Toth* v. *Toth*, 242 Mich. 23.

In *Mesler* v. *Jackson Circuit Judge, supra,* relied on by plaintiff, the wife obtained the decree. The settlement agreement was filed in the cause, referred to in the decree, and recited that it was a release of claims for support, alimony, counsel fees, etc. The purpose of the allowance made was not stated in the decree. The court held it was evidently an award of alimony and enforceable by contempt proceedings. The settlement agreement on file in the cause was properly taken into consideration, in construing the decree, under the rule that, where a decree is ambiguous or incomplete, the pleadings and record may be consulted in aid of construction. 21 C. J. p. 689.

Here no written agreement of settlement was filed. The parties have made affidavits in which they agreed that the provision was a settlement in full, but neither averred that it was support money. The proportion of payments to principal sum indicated a property settlement. The wife was defendant in the divorce suit. It is not usual for a defendant wife to be awarded alimony in a *pro confesso* decree. If the surrounding circumstances were open to consideration, they would not aid plaintiff.

Where a decree is complete and unambiguous in itself, extraneous matters cannot be resorted to for

the purpose of giving it a meaning which its language, without such help, would not carry.  21 C. J. p. 690.  This decree is complete and unambiguous. It plainly declares the award to be in lieu of dower and in satisfaction of property claims.  It is not a decree for alimony.  Execution can be decreed upon the award, and contempt proceedings will not lie for its enforcement.  If the decree did not set up the true purpose of the settlement, the remedy is in direct proceedings for amendment.

The writ will be denied, with costs.

North, Fellows, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.