[No. 23743. Department Two. June 3, 1932.]

THE STATE OF WASHINGTON, *on the Relation of Anna J. Bushnell, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

*Tucker & Tucker,* for relator.

*Landon & Landon,* for respondent.

BEALS, J.—Relator seeks in this court a writ of prohibition restraining the superior court for King county, Honorable Otis W. Brinker, Judge, from entering an order modifying a final decree of divorce entered in the case of Joel H. Bushnell, Plaintiff, v. Anna J. Bushnell, Defendant. An interlocutory order was entered in the action referred to February 21, 1931, containing, *inter alia,* the following provision:

[1]Reported in 11 P. (2d) 1071.

"It is further ordered, adjudged and decreed that the plaintiff shall also pay to the defendant the sum of $75 per month for four months and then the sum of $85 per month until the further order of this court, but in no event shall the plaintiff make monthly payments to the defendant for more than five years."

August 31, 1931, a final decree of divorce was entered, confirming the interlocutory order. The parties to the divorce action have no children, and the court was concerned only with the rights and obligations of the parties to the action.

During the month of January, 1932, Joel H. Bushnell filed in the divorce action a petition, praying that the decree be modified by relieving him from the duty of making any further payments thereunder to Anna J. Bushnell. Mrs. Bushnell appeared in response to a citation issued on this petition, and, after a hearing, the trial court indicated its intention to enter an order modifying the decree by reducing the amount of the payments to be made by Mr. Bushnell. Mrs. Bushnell, contending that the trial court has no jurisdiction to modify the decree, seeks from this court a writ of prohibition restraining the superior court and the judge thereof before whom the matter is pending, from proceeding further and from entering any order of the nature indicated.

Relator contends that, as the monthly payments provided for by the decree are for the sole use and benefit of relator, it must be held that these payments constitute a property settlement, and that such a settlement contained in an interlocutory order, subsequently confirmed by the entry of a final decree of divorce, is not subject to modification, citing *Cassutt v. Cassutt,* 126 Wash. 17, 217 Pac. 35; *Cooper v. Cooper,* 146 Wash. 612, 264 Pac. 1; *Hutchison v. Hutchison,* 148 Wash. 417, 269 Pac. 341.

Respondent contends that, in such a situation as this, the extraordinary writ of prohibition will not lie, as the remedy by appeal is adequate. Our view of the merits of the question presented renders discussion of this phase of the proceeding unnecessary, and assuming, without deciding, that relator is entitled to present the question at issue in an application for a writ of prohibition, we determine the question upon the merits.

Assuming that, when the superior court in a divorce action has by interlocutory order fixed a property settlement between the parties, and a final decree of divorce has been entered pursuant to the interlocutory order, the decree may not, under the rule laid down in the cases cited and other decisions of this court, be subsequently modified, we hold that a different situation is presented by the record exhibited in this proceeding.

In the case of *Ruge v. Ruge,* 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F 721, this court determined that a decree of divorce, providing for permanent alimony and containing no reservation of jurisdiction to modify the provision for payments to be made to the wife, was not subject to change. The opinion in the case cited indicates that a different rule should be applied in cases where the decree contains a provision expressly reserving to the court jurisdiction to modify the same. In the case at bar, the interlocutory order provides that the monthly payments shall continue ''until the further order of this court, but in no event shall the plaintiff make monthly payments to defendant for more than five years.''

In the case of *Cassutt v. Cassutt, supra,* it was held that the payments which the husband was directed to make to the wife constituted a property settlement, rather than alimony in the strict meaning of the word,

and that the provision of the decree retaining jurisdiction to modify the same was ineffective.

In the case of *Hutchison v. Hutchison, supra,* it was merely held that the property settlement contained in the decree was just, and that it was for the advantage of both parties that the same be final and not subject to modification. In the case cited, it clearly appeared that the payments which the husband was directed to make constituted a portion of the property settlement and were not alimony.

In the case of *Lockhart v. Lockhart,* 145 Wash. 210, 259 Pac. 385, this court reversed an order of the superior court providing for the continuance of alimony awarded by a decree of divorce, and directed the entry of a decree relieving the husband from further liability to his former wife after the payment to her of certain specified sums. The parties to the divorce action had agreed upon a property settlement, and the decree, as stated by this court, simply provided that Mr. Lockhart should pay to Mrs. Lockhart

" . . . as alimony the sum of $200 per month for a period of nine months following the date of the decree, and the sum of $150 per month thereafter until the further order of the court . . . "

From the record before us, we are convinced that the interlocutory order of divorce between the parties, in so far as the same provided for monthly payments to be made by Mr. Bushnell to Mrs. Bushnell, did not direct such payments as part of the property settlement between the parties, but that the payments were provided for by way of alimony, and that, by providing that these payments continue "until further order of this court," the superior court reserved to itself jurisdiction to modify the order, even after confirmation thereof by the entry of a final decree.

The following decisions of this court have some

bearing upon the question here presented, although all but the last cited (an action for separate maintenance) arose under the law as it stood prior to the statute of 1921 (Rem. Comp. Stat., §§ 982 *et seq.*) : *Worden v. Worden,* 84 Wash. 614, 147 Pac. 403; *Van Horst v. Van Horst,* 96 Wash. 658, 165 Pac. 886; *Anderson v. Anderson,* 97 Wash. 202, 166 Pac. 60; *State ex rel. Buttnick v. Superior Court,* 127 Wash. 101, 219 Pac. 862.

It appearing that the superior court, in connection with the matter complained of by relator, is not proceeding in excess of its jurisdiction, the alternative writ herein issued is quashed and this proceeding dismissed.

HERMAN, MAIN, HOLCOMB, and MILLARD, JJ., concur.