PEDEN *v.* PEDEN.

DIVORCE—AWARD IN LIEU OF DOWER AND ALIMONY IN LUMP SUM—
NONPAYMENT—CONTEMPT.

> Where award to wife in divorce suit included award in lieu of
> dower as well as alimony, and award was in lump sum, non-
> payment thereof is not punishable by contempt.

Appeal from St. Clair; Robertson (William), J.
Submitted June 15, 1932. (Docket No. 109, Calendar
No. 36,603.) Decided September 16, 1932.

Divorce proceedings between Robert W. Peden
and Margaret DeVoe Peden. Decree for defendant
on cross-bill. On attachment for alleged nonpay-
ment of alimony and petition to modify decree.
From order holding plaintiff guilty of contempt, he
appeals. Order of attachment reversed, and plain-
tiff discharged.

*Colby, Berns & Costello* (*Milford A. Wolfe,* of
counsel), for plaintiff.

*Stewart & Black,* for defendant.

POTTER, J. Plaintiff and defendant were married
in 1924. They lived together three months. De-
fendant developed tuberculosis. The parties sepa-
rated, and plaintiff filed a bill to annul the marriage
on the ground of fraud on the part of defendant in
concealing from him prior to their marriage that
she had tuberculosis, had consulted a physician, been
advised of her condition, had misled plaintiff by
representing she had stomach catarrh (whatever

As to when contempt proceedings may be resorted to, see anno-
tation in 24 L. R. A. 435; 30 L. R. A. (N. S.) 1001; L. R. A.
1917C, 97.

that may mean); and that her family likewise concealed defendant's physical condition from plaintiff and he was thereby induced to marry defendant who had a dangerous, infectious, contagious, and communicable disease, and that he would not have married her had he known her condition. He further alleged the same fraud and concealment upon her part amounted to extreme cruelty, entitling him to a divorce.

Defendant filed an answer and cross-bill denying fraud on her part, and alleging plaintiff's desertion of her. There was a settlement of the property matters of the parties. Defendant took a decree on her cross-bill, and by agreement of the parties a decree was entered that plaintiff pay to defendant the sum of $150 each and every month for a period of five years from and after January 22, 1927, and until the further order of the court. The decree provided the payments specified be immediately cut off and terminated in the event of either the death or remarriage of defendant before the expiration of the five-year period. The decree provided that the provision made therein for defendant:

"Shall become and stand as a statutory provision in lieu of dower rights, and that said plaintiff and cross-defendant, Robert W. Peden, shall in the future hold his real estate free and clear and discharged from any dower rights that the said defendant and cross-plaintiff Margaret DeVoe Peden, may have in the property owned by said plaintiff and cross-defendant, Robert W. Peden."

The award of $150 a month for five years thus included not alone alimony but was an award in lieu of dower.

"Such awards may be joined, but, if so allowed in a lump sum, contempt for nonpayment of such sum

may not be adjudged." *Harner* v. *Harner,* 255 Mich. 515.

This proceeding was originally instituted by attachment, whereupon defendant, in attachment, who was plaintiff in the original case, filed an answer to the same and a petition for a modification of the original decree. Under the original decree, plaintiff in the original case, who was made defendant in the attachment proceeding, may not be punished for contempt. For all that appears in the original decree, the payments conceded to have been made thereon may have been in full for alimony, and the amount unpaid the amount awarded for a release of dower interest of defendant. The order of attachment will be reversed, and plaintiff discharged, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.