[Nos. 24411, 24562. Department Two. August 15, 1933.]

THE STATE OF WASHINGTON, *on the Relation of* J. CLYDE RIDENOUR, *Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*

ESTHER RIDENOUR, *Respondent,* v. J. CLYDE RIDENOUR, *Appellant.*[1]

*Lewis & Black,* for appellant and relator.

*Henry T. Ivers,* for respondent.

[1]Reported in 24 P. (2d) 418.

BLAKE, J.—This is an appeal from an order entered in a contempt proceeding for failure to pay alimony claimed to be due under the terms of an interlocutory decree of divorce made and entered in the superior court of King county.

The appellant failing to appear in the divorce action, his default was entered June 22, 1931. The cause was tried June 25, 1931. On that day, the court made find-. ings of fact and conclusions of law, and signed the interlocutory decree, which contained the following provision:

"It is further ordered, adjudged and decreed that the settlement of community property heretofore entered into between the parties hereto be, and the same is hereby confirmed and made a part of this decree."

The decree was filed in the clerk's office on June 26th. On the same day, there was also filed in the clerk's office an agreement (marked "Plaintiff's Exhibit A") executed by appellant and respondent on May 22, 1931. This agreement contained the following provision:

"To pay to the first party seventy-five ($75) dollars per month beginning with the month of September, 1931, during such time as the first party shall be reviewing her previous business education, which the parties hereto at this time contemplate will be accomplished in three months, and seventy-five ($75) dollars per month thereafter until the first party shall have obtained employment, said monthly payments to be suspended when such employment is obtained and to be renewed only in the event that such employment shall not prove to be permanent. Such monthly payments shall be renewed from time to time upon the loss of employment by the first party until said first party shall have obtained employment which shall continue for a period of eight (8) consecutive months, which such employment shall then be deemed to be permanent and which shall relieve the second party from any further payments to the first party."

The sole question is whether the quoted portion of the interlocutory decree is such an order to pay alimony as will sustain contempt proceedings. There are cases holding that an agreement between husband and wife providing for the unconditional payment by him of sums of money periodically, which agreement is embodied in, or attached to, a decree of divorce, becomes in effect an order to pay alimony, upon which contempt proceedings may be predicated. *Sessions v. Sessions,* 178 Minn. 75, 226 N. W. 211, 701; *Tripp v. Superior Court,* 61 Cal. App. 64, 214 Pac. 252; *Mesler v. Jackson Circuit Judge,* 188 Mich. 195, 154 N. W. 63. And one case has been called to our attention which apparently holds that contempt proceedings may be predicated on a decree approving an agreement which was merely referred to by its date of execution. *Ex parte Weiler,* 106 Cal. App. 485, 289 Pac. 645.

This case and the case of *Tripp v. Superior Court, supra,* were reviewed and distinguished by another division of the same court in *Schnerr v. Schnerr,* 17 P. (2d) (Cal. App.) 749, wherein the court held that approval and confirmation of a property settlement agreement in the decree was an insufficient basis for contempt proceedings. The court, in that case, said:

"In support of the order appealed from plaintiff relies mainly on the case of *Tripp v. Superior Court,* 61 Cal. App. 64, 214 P. 252, 253. But in that case, unlike the present one, the agreement between the parties was set out in full in both decrees, and by express provision was made a part thereof. The duty imposed upon the defendant was, therefore, readily ascertainable from the decrees themselves. Furthermore, the agreement in that case provided that, if approved, the same should be embodied in the decree; and therefore in this connection the court said: 'This stipulation surely contemplated that the terms of the agreement, when it should be embodied in the decree, should have the compelling power of the court behind its every covenant.' "

Although there are apparently few cases bearing directly on the point, we think the statement of the law in the *Schnerr* case is supported by the weight of authority and reason. A decree for alimony differs from an ordinary judgment for money. The latter merely determines an amount owing, while the former directly commands the defendant to pay. 2 Schouler, Marriage, Divorce, etc. (6th ed.), p. 1998. To be enforceable by contempt proceedings, there must be a definite and unconditional order to pay alimony as such. *Andrews v. Superior Court,* 103 Cal. App. 360, 284 Pac. 494; *Schnitzer v. Buerger,* 237 App. Div. 622, 262 N. Y. Supp. 385; *Shafer v. Shafer,* 257 Mich. 372, 241 N. W. 144; *Peden v. Peden,* 259 Mich. 559, 244 N. W. 162; *Belting v. Wayne Circuit Judge,* 245 Mich. 111, 222 N. W. 137.

In the case at bar, the agreement to pay was not unconditional; nor was it incorporated in or made a part of the decree. The recital in the decree, that the agreement was made a part of it, was ineffectual, because at the time the decree was signed the agreement was not a part of the record. But further than this, we are convinced that a decree approving an unidentified agreement purporting to be a settlement of property rights is not a sufficient adjudication for alimony upon which to predicate contempt proceedings. *Andrews v. Superior Court,* 103 Cal. App. 360, 284 Pac. 494.

The order appealed from is reversed, and the cause remanded with directions to dismiss the contempt proceedings.

BEALS, C. J., MAIN, TOLMAN, and STEINERT, JJ., concur.