THE STATE OF WASHINGTON, *on the Relation of J. Maynard Lang, Jr., Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

*Fred W. Catlett*, for relator.

*Tucker & Tucker*, for respondent.

MITCHELL, J.—During the pendency in the superior court for King county of a divorce action by Helen DaPonte Lang against J. Maynard Lang, Jr., in 1932, the parties entered into a written agreement designated "Property Settlement," reading, in part, as follows:

"That, whereas there is now pending in the above entitled court and cause an action for divorce between said parties; and

"WHEREAS said parties desire to settle their property rights pending said divorce action; Now Then

"IT IS HEREBY MUTUALLY AGREED AS FOLLOWS:

"1. Party of the second part will pay to party of the first part the sum of twelve hundred dollars

[1]Reported in 30 P. (2d) 237.

($1200) in monthly payments of fifty dollars ($50) on the 20th day of each and every month hereafter commencing on the 20th day of October, 1932, until said $1,200 shall have been fully paid without interest; and in the event that the said party of the first part shall remarry she shall nevertheless be entitled to said $1,200; and after the full payment of said $1,200 said second party will continue said monthly fifty dollar ($50) payments until the further sum of eight hundred dollars ($800) shall have been fully paid PROVIDED said first party has not remarried—it being the true intent of the parties hereto that upon the remarriage of said first party said $50.00 monthly payments to apply upon said 'further sum of $800,' shall immediately cease and determine.''

Thereafter, the plaintiff in the divorce action was granted an interlocutory decree of divorce, which, among other things, provides:

''IT IS FURTHER ORDERED, ADJUDGED and DECREED that the property settlement between the plaintiff Helen Da Ponte Lang and James Maynard Lang, Jr., executed herein on the 11th day of October, 1932, a copy of which is hereto attached, marked Exhibit 'A', and made a part of this judgment and decree as fully as though copied at length herein, and the provisions of said property settlement are hereby adopted and made a part of this paragraph of this decree, . . .''

Thereafter, April 25, 1933, the plaintiff in the divorce action was granted an absolute divorce from the defendant therein by decree which ratified, affirmed and confirmed the interlocutory order and decree.

On October 13, 1933, Helen DaPonte Lang filed in the superior court an application for an order against J. Maynard Lang, Jr., requiring him to ''show cause why he should not comply with the terms of the property settlement entered in the interlocutory and final decrees;'' and supported the motion and application with her affidavit alleging the property settlement, set-

ting out its terms, approved by the court and made a part of the decree, and further alleging a stated amount to be owing to her from the defendant and refusal on his part to make any further payment. On that day, the superior court entered an order directing the defendant to show cause on October 20, 1933, "why he should not be punished for contempt in refusing to obey and carry out the provisions of the property settlement."

The defendant, appearing specially, filed a demurrer or motion for an order quashing the service of the show cause order, upon the ground that the court was without jurisdiction, which motion, as we understand, was intended and treated as an objection to the power and jurisdiction of the superior court to enforce the terms of the property settlement and decree by proceedings in contempt. Upon hearing the motion, the court filed a memorandum decision in which, among other things, upon referring to the property settlement between the parties, it is said:

"This agreement is a property settlement. It is so treated by the parties and the court. The decree establishes its status as such."

At that time, the court entered an order that the motion to quash be denied, and that the cause be assigned by the presiding judge of the superior court for further hearing upon the show cause order of October 13, 1933. An order was entered fixing December 1, 1933, for such further hearing and the taking of evidence.

Thereupon, application on the relation of J. Maynard Lang, Jr., for relief was filed in this court, upon which a show cause order was issued directing the respondent to show cause why he should not be prohibited and restrained from proceeding further with

or under the order to show cause pending in the superior court. On the return day of the show cause order issued out of this court, the respondent appeared and filed a motion to quash the show cause order, upon which motion the parties have been heard, orally and in writing, not only as a question of remedy in this court, but also upon the merits of the controversy between the parties.

The respondent contends, first, that the writ of prohibition will not lie. Assuming, however, as we think is the case, that the trial court has no jurisdiction to enforce the terms of the property settlement by proceedings in contempt, the writ will lie. *State ex rel. Peterson v. Superior Court,* 67 Wash. 370, 121 Pac. 836; *State ex rel. Waterman v. Superior Court,* 127 Wash. 37, 220 Pac. 5.

The further contention on the part of the respondent is upon the merits of the controversy with respect to the right and power to enforce the provisions of the property settlement by proceedings in contempt. The interlocutory decree, which was approved and confirmed by the final decree of divorce, upon adopting and making the property settlement a part of the decree, provided that:

"The said provisions made in said property settlement are hereby made enforceable by this decree, and this court does hereby retain jurisdiction of this cause for the purpose of enforcement of said property settlement, in the event of any default in its terms, covenants, or conditions."

Because of the recitation in the decree retaining jurisdiction for the purpose of enforcing the property settlement, it is contended on behalf of the moving party in the contempt proceedings that the superior court has the power to enforce the property settlement by proceedings in contempt. On the contrary, the re-

lator contends that the remedy by way of contempt proceedings sought against him, while applicable to provisions for alimony, if jurisdiction be retained for that purpose, is not applicable to property settlements. There is a difference, and unless that difference is kept in mind, confusion will arise and a misunderstanding of our cases happen.

That there is a decided difference, and the effect of it with respect to the remedy for its enforcement, is set out in *State ex rel. Ridenour v. Superior Court,* 174 Wash. 152, 24 P. (2d) 418, wherein, upon citing *Schnerr v. Schnerr,* 128 Cal. App. 363, 17 P. (2d) 749, that held the confirmation of a property settlement agreement in the decree was an insufficient basis for contempt proceedings, this court said:

"Although there are apparently few cases bearing directly on the point, we think the statement of the law in the *Schnerr* case is supported by the weight of authority and reason. A decree for alimony differs from an ordinary judgment for money. The latter merely determines an amount owing, while the former directly commands the defendant to pay. 2 Schouler, Marriage, Divorce, etc. (6th ed.), p. 1998. To be enforceable by contempt proceedings, there must be a definite and unconditional order to pay alimony as such. *Andrews v. Superior Court,* 103 Cal. App. 360, 284 Pac. 494; *Schnitzer v. Buerger,* 237 App. Div. 622, 262 N. Y. Supp. 385; *Shafer v. Shafer,* 257 Mich. 372, 241 N. W. 144; *Peden v. Peden,* 259 Mich. 559, 244 N. W. 162; *Belting v. Wayne Circuit Judge,* 245 Mich. 111, 222 N. W. 137."

Upon the precise question here, our decisions prior to the present statutes on divorce and alimony are not applicable. It was so held in *Cassutt v. Cassutt,* 126 Wash. 17, 217 Pac. 35, wherein it was said:

"It will be observed that the Laws of 1921, p. 332, § 2, ch. 109, *supra,* does not make any change in the power of the court to reserve jurisdiction as to the

care, custody, support and education of children, but only provides a rule different than that which had been declared by this court, that, as to the division of the property of the parties and its custody, control and management, unless the interlocutory order be appealed from within the time allowed by law, its provisions become final and conclusive upon both parties after six months.

"In the face of the language of that statute, which needs no interpretation, the trial court is deprived of authority to retain jurisdiction over the custody, management and division of the property after the expiration of six months, no appeal having been taken, by including a provision to retain jurisdiction.

"The cases of *Worden v. Worden*, 84 Wash. 614, 147 Pac. 403; *Van Horst v. Van Horst*, 96 Wash. 658, 165 Pac. 886; *Anderson v. Anderson*, 97 Wash. 202, 166 Pac. 60; *Ruge v. Ruge, supra*, [97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F, 721] and *Holter v. Holter*, 108 Wash. 519, 185 Pac. 598, were all cases arising prior to the enactment of the amendment to the divorce law of 1921 and have no application here."

The rule of the finality of property settlements is referred to in *State ex rel. Bushnell v. Superior Court*, 168 Wash. 326, 11 P. (2d) 1071, although in that case we refused to interfere with a consideration by the trial court of a provision in a divorce decree for the monthly payment of money. The reason for that decision was that the provision in question did not specify the character of the payments in question, and that construction of the decree in that respect was necessary, concerning which it was decided that the payments called for were not

". . . part of the property settlement between the parties, but that the payments were provided for by way of alimony, and that, by providing that these payments continue 'until further order of this court,' the superior court reserved to itself jurisdiction to modify the order, even after confirmation thereof by the entry of a final decree."

There is no occasion, however, for construction with respect to the property settlement in the present case, for, as the trial judge said:

"This agreement is a property settlement. It is so treated by the parties and the court. The decree establishes its status as such. This decree has never been appealed from."

The motion in this court to quash and set aside the show cause order is denied, and unless the respondent desires to further plead within ten days, this opinion will, at the expiration of that time, be considered as deciding that the writ shall issue as prayed for by the relator.

BEALS, C. J., MAIN, MILLARD, and GERAGHTY, JJ., concur.