[No. 20049. *En Banc.* June 22, 1926.]

CLARA IHLER, *Appellant,* v. FRANK IHLER, *Respondent.*[1]

[1] APPEAL (43)—DIVORCE (93)—DECISIONS REVIEWABLE—FINAL JUDGMENT IN DIVORCE. No appeal lies from the final judgment of divorce, under Rem. Comp. Stat., § 988, providing for an interlocutory decree of divorce which, "as to custody, management and division of the property shall be final and conclusive, subject only to the right of appeal," and § 988-1, providing for final judgment six months thereafter, "from which no appeal shall lie."

[2] SAME (43)—DIVORCE (93). Rem. Comp. Stat., § 1716, allowing appeals from all final judgments, is superseded as to final judgment of divorce, by the act of 1921, Id., § 988-1, which provides that no appeal shall lie from such final judgment.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered May 19, 1926, upon findings in favor of the plaintiff, after trial on the merits, in an action for divorce. Dismissed.

*Edward M. Connelly,* for appellant.

*Maye Wicks,* for respondent.

ASKREN, J.—This is an appeal from a final decree of divorce entered May 19, 1926. The interlocutory order, upon which the final decree is based, was entered November 14, 1925. No appeal was taken therefrom. Respondent moves to dismiss the appeal, on the ground that the appeal was not taken within ninety days after the entry of the interlocutory order.

Rem. Comp. Stat., § 988 [P. C. § 7507], provides as follows:

"If, however, the court determines that either party, or both, is entitled to a divorce, an interlocutory order must be entered accordingly, declaring that the party in whose favor the court decides is entitled to a decree

[1]Reported in 247 Pac. 8.

of divorce as hereinafter provided; which order shall also make all necessary provisions as to alimony, costs, care, custody, support and education of children, and custody, management and division of property, which order as to the custody, management and division of property shall be final and conclusive upon the parties subject only to the right of appeal; but in no case shall such interlocutory order be considered or construed to have the effect of dissolving the marriage of the parties to the action, or of granting a divorce, until final judgment is entered: Provided, that the court shall, at all times, have the power to grant any and all restraining orders that may be necessary to protect the parties and secure justice. Appeals may be taken from such interlocutory order within ninety days after its entry."

[1] It will be seen by the wording of the statute that an appeal from an interlocutory order must be taken within ninety days after its entry. Appellant contends that the words, ". . . which order as to custody, management and division of property shall be final and conclusive upon the parties subject only to the right of appeal," expresses an intention to require appellant to appeal from the interlocutory order, only when it is desired to bring to this court for review questions relating to the custody, management and division of property, and that, since the specific ground of appeal in this case has to do with matters other than the disposition of property, no appeal is required until ninety days after the entry of the final decree. But we think the words making final the provisions of the interlocutory decree, with reference to the custody, management and division of property, mean no more than that the trial court may not, after its interlocutory order is once entered, change its decree with reference to the property in question; but reserving to the court the right always to change its decree with

reference to any minor child. This, of course, is a right which the court always has in the interests of the welfare of minors.

The succeeding section (Rem. Comp. Stat., § 988-1) [P. C. § 7507a], provides as follows:

"At any time after six months have expired, after the entry of such interlocutory order, and upon the conclusion of an appeal, if taken therefrom, the court, on motion of either party, shall confirm such order and enter a final judgment granting an absolute divorce, from which no appeal shall lie."

This section indicates that no appeal lies from a final judgment of divorce on the merits, but, if one is desired, it should be taken from the interlocutory order. To hold otherwise would place the appellant in the position of being required to appeal, within ninety days from the entry of the interlocutory order, upon all provisions thereof relating to property, and leave the right of appeal upon other questions open until ninety days after the entry of the final decree, which would be at least six months thereafter. This would bring questions to this court piecemeal. There is no good reason why we should give such a construction to the statute. When the trial court enters the interlocutory order of divorce, both of the parties know what the court's decision is, and, unless new conditions arise, that the order will be made final six months thereafter.

[2] Appellant insists that the general statutes regulating procedure on appeal control, and that, since § 1716, Rem. Comp. Stat. [P. C. § 7290], provides for appeal from any final judgment entered in any action or proceeding, the general statutes should control. It is unnecessary for us to determine whether the interlocutory order is such a final judgment as contemplated by § 1716; for § 988-1, *supra,* was passed in 1921, a time

subsequent to the passage of the general statute on appeal, and, providing specially for the right of appeal in divorce cases, is therefore controlling.

The appeal not having been taken within ninety days after the entry of the interlocutory order, respondent's motion to dismiss must be granted. It is so ordered.

TOLMAN, C. J., HOLCOMB, MAIN, MITCHELL, FULLERTON, PARKER, and BRIDGES, JJ., concur.