## ALLRED v. WOOD et ux.

No. 4574.   Decided September 13, 1928.   (270 P. 1089.)

428

*Knox Patterson,* of Moab, and *Harmel Pratt,* of Price, for appellants.

*L. A. McGee,* of Price, for respondent.

CHERRY, J.   In proceedings supplemental to execution for the enforcement of a judgment in favor of the plaintiff an issue arose respecting the validity of the defendant's claim for a homestead exemption of certain real estate sought to be subjected to the satisfaction of the judgment. The point in question was whether the defendant was a married person and thus entitled as "the head of a family" to claim the exemption.   The undisputed facts relating to the matter were that the defendant was married to Ella Fielding in this state on April 4, 1926.   Ella Fielding had previously been married to another man, but by a decree made and entered by the district court of Grand county on August 19, 1925, was divorced, the decree providing, as required by law, that it should not become absolute until the expiration of six months from the date of its entry.   No further or other proceedings in the divorce action where had. Upon a finding of these facts the trial court held the marriage of defendant and Ella Fielding void as having occurred at a time when the latter was prohibited by law from marrying any person other than the husband from whom she had been divorced; that the defendant was therefore not the "head of a family" and not entitled to the homestead exemption claimed; and the claim of exemption was denied.   Defendant appeals.

The case is submitted upon the sole question of the validity of the defendant's marriage, and that is questioned only with respect to the time when it occurred with relation to

the time of the divorce of Ella Fielding from her former husband.

The controversy arises under and must be determined according to the provisions of Comp. Laws Utah 1917, as follows:

"Sec. 3001. If, after the hearing of any divorce cause, the court shall be of the opinion that the divorce ought to be granted to either person, a decree shall be entered granting to such person a divorce; but the said decree shall specifically provide that it shall not become absolute until the expiration of six months from the date of its entry.

"Sec. 3002. The decree of divorce shall become absolute after the expiration of six months from the entry thereof, unless proceedings for a review are pending, or the court before the expiration of said period for sufficient cause, upon its own motion or upon the application of any party, whether interested or not, otherwise orders.

"Sec. 3003. It shall be unlawful for either party to a divorce proceeding, whose marriage is dissolved by the final decree provided for by section 3002, to marry any person other than the husband or wife from whom the divorce was granted, within the period allowed for an appeal from such final decree under the Code of Civil Procedure, and if an appeal from such final decree be taken, until after the affirmance of such decree; and any marriage contracted in violation of the provisions of this section shall be null and void."

The Code of Civil Procedure (Comp. Laws Utah 1917, §§ 6990, 6991), provides:

"Sec. 6990. From all final judgments of the district courts, there shall be a right of appeal to the Supreme Court. * * *

"Sec. 6991. An appeal may be taken within six months from the entry of the judgment or order appealed from."

It thus appears that a divorced person is prohibited from marrying any person other than the one from whom he or she has been divorced within the period allowed for an appeal from the final decree granting the divorce, and, if such an appeal be taken, until after the affirmance of the decree.

What, then, are the limitations of time within which an appeal may be taken from a decree of divorce under the

statutory provisions quoted? The language employed in the statutes relating to the matter under consideration is somewhat confusing. It is, however, susceptible of a construction which, we think, renders the intent and meaning clear. In section 3001, the provision that the "decree shall specifically provide that it shall not become absolute until the expiration of six months from the date of its entry" means the divorce shall not become absolute until the time stated, and, similarly, in the next section, the words, "the decree of divorce shall become absolute after the expiration of six months," means that the divorce shall become absolute, etc. This is necessary to a harmonious construction and application of the law, and gives effect to its obvious spirit and purpose.

The decree provided for in section 3001 is the only decree required to be made in the action. Unless subsequent authorized proceedings intervene the decree stands as the final determination of the litigation. The decree, when made, is final for the purposes of appeal. *Parsons* v. *Parsons*, 40 Utah 602, 122 P. 907. It adjudicates the matter in issue, determines the relief granted, and, unless something new is introduced, ends the litigation. It is conditional only that the divorce granted shall not become absolute until the lapse of six months' time from the date of the entry of the decree. In cases like the one under review where no application has been made for an order that the divorce do not become absolute the record properly contains but one decree. The Code of Civil Procedure, section 6991, supra, authorizes appeals only within six months from the entry of the judgment or order appealed from. There being but one decree and one date of entry, it must follow that in cases like the one under consideration an appeal may be taken within six months from the date of the entry of the decree, and not thereafter. What right of appeal would exist in a divorce action in case a proper application was made within six months after the entry of the decree, for an order that the divorce do not

become absolute is a matter not involved in this appeal and we express no opinion upon it.

It is the conclusion of the court that the right of appeal provided and authorized by law in the case under review was limited in point of time to six months from the date of the entry of the decree in the divorce action, and that such period was the limit of time during which the parties divorced were prohibited by law from marrying other persons.

The marriage of appellant with Ella Fielding occurred not during but after the period of prohibition, and in point of time was a valid marriage.

The trial court erred in holding the marriage void and in denying the claim of homestead exemption.

The judgment is reversed and the cause is remanded to the district court, with directions to recast its conclusions of law and to enter judgment in accordance with this decision.

Appellant to recover costs.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ., concur.