[No. 26772. Department Two. November 23, 1937.]

GEORGE E. BROWN, *Respondent*, v. JULIA S. BROWN, *Appellant*.[1]

*Adam Beeler,* for appellant.

*Henry W. Parrott,* for respondent.

[1]Reported in 73 P. (2d) 795.

BEALS, J.—Plaintiff, George E. Brown, and defendant, Julia S. Brown, intermarried during the year 1913 and established their residence in the city of Seattle. Two children were born to them; a son now past twenty-two years of age, and a daughter eighteen. At the time of their marriage, the parties owned nothing, and all the property that they now own is community in its nature. They have conducted with profit a boat house and bathing establishment on the shores of Lake Washington, near the easterly end of Madison street. In addition to this business, they own one vacant lot, approximately $1,500 in cash, and two life insurance policies having a cash surrender value of over $1,300.

During the fall of 1936, Mr. Brown instituted an action for divorce, alleging cruel and abusive treatment. Defendant answered the complaint, denying the allegations thereof and asking that the action be dismissed. She filed no cross-complaint, nor did she ask any affirmative relief. The cause came on for trial during the month of March, 1937, and during the trial Mrs. Brown prepared an amended answer and a cross-complaint, praying that she be awarded a divorce. The court in its memorandum opinion stated that the plaintiff was entitled to a divorce, that all the property was community property of the parties, and that Mr. Brown should make certain payments to his wife. The trial court also ordered that Mr. Brown should continue to operate the boat house until the further order of the court, and that he should keep accounts of all receipts and disbursements, "so that the court at the time the final decree is signed may be informed as to the profits arising therefrom."

Mrs. Brown moved for a new trial, stating as one of the grounds for her motion that the court had made no disposition of the greater portion of the property. The motion for new trial was denied, and findings of

fact and conclusions of law were signed and filed, followed by an interlocutory order of divorce.

The court found that the defendant had been guilty of cruel treatment toward the plaintiff, and that the parties owned the boat house, the findings making no reference to any other property belonging to the parties. The court concluded that plaintiff should pay defendant eighty-five dollars per month for her support and the support of the minor child of the parties; and

"That all of the property, both personal and real of the parties hereto is community property; that the plaintiff shall have the sole control and operation of said boat house until the further order of this court and shall keep books of all the receipts and disbursements connected therewith so that the court at the time the final decree is signed may be informed as to the profits arising therefrom, at which time the community property shall be distributed by the court if not agreed upon by the parties hereto prior to said time."

The interlocutory order contained a similar provision, and from this order, defendant, Julia S. Brown, has appealed.

Present counsel for respondent did not represent him at the trial.

Error is assigned upon the refusal of the trial court to make a division of the property and embody such division in the interlocutory order. Appellant also contends that the trial court erred in not permitting her to call a witness in support of the allegations of her cross-complaint.

Appellant argues that, in an action for divorce, the interlocutory order must dispose of the property rights of the parties, and that this matter cannot be reserved and be determined by the final decree. Appellant's contention is clearly correct. Rem. Rev.

Stat., § 982 [P. C. § 7501] *et seq.*, control actions for divorce and incidental awards of alimony and divisions of property. Section 1, chapter 112, Laws of 1933, p. 432 (Rem. Rev. Stat. (Sup.), § 988 [P. C. § 7507]), provides, *inter alia,* for the entry of an interlocutory order in case the court determines that a divorce should be granted. The section continues:

". . . which order shall also make all necessary provisions as to alimony, costs, care, custody, support and education of children and custody, management and division of property, which order as to alimony and the care, support and education of children may be modified, altered and revised by the court from time to time as circumstances may require; such order, however, as to the custody, management and division of property shall be final and conclusive upon the parties subject only to the right of appeal; . . ."

Rem. Rev. Stat., § 988-1 [P. C. § 7507a], provides for the entry of a final decree of divorce, and reads as follows:

"At any time after six months have expired, after the entry of such interlocutory order, and upon the conclusion of an appeal, if taken therefrom, the court, on motion of either party, shall confirm such order and enter a final judgment granting an absolute divorce, from which no appeal shall lie."

This latter section was considered by this court in the case of *Ihler v. Ihler,* 139 Wash. 363, 247 Pac. 8, in which this court, sitting *En Banc,* unanimously held that § 988-1 means exactly what it says, and that no appeal lies from the final decree.

In the case of *Cassutt v. Cassutt,* 126 Wash. 17, 217 Pac. 35, we held that, while under the statute the court had the power to reserve jurisdiction as to matters concerning the care, custody, support and education of children, the superior court had been deprived of authority to retain jurisdiction over the custody,

management and division of the property of the parties, and that as to such matters the interlocutory order was final. The question was presented to this court upon an appeal by the former wife of the plaintiff in the action from an order modifying the final decree of divorce, which decree had confirmed the division of property contained in the interlocutory order. The order appealed from was reversed as having been entered without authority of law.

In the case of *State ex rel. Hamlin v. Superior Court*, 148 Wash. 113, 268 Pac. 159, it was held that, in an action for divorce brought by the wife, in which an interlocutory order had been entered, which order did not adjudicate the property rights of the parties or the plaintiff's right to alimony, by reason of the fact that no jurisdiction had been obtained over the person of the husband, the superior court could, prior to the entry of a final decree, the husband having meanwhile submitted himself to the jurisdiction of the court, enter a supplementary interlocutory order adjudicating plaintiff's right to alimony and deciding the property rights of the parties. It was held that the defendant had no right to have the final decree entered over the objections of the plaintiff, the material matter of the property rights of the parties having remained undetermined through no fault of the plaintiff.

Manifestly, in the case at bar, the trial court should have determined the property rights of the parties and embodied such decision in the interlocutory order.

Appellant also contends that the trial court erred in refusing to hear evidence which she desired to offer in support of her cross-complaint. As the order appealed from must be reversed, and the cause remanded for further proceedings, this matter need not be discussed. The court evidently desired further evidence concerning the property belonging to the parties,

and the court had the right to direct that such evidence be produced either immediately or at some later date. As on remand further evidence must be taken, the matter of the evidence which shall be received will be left to the sound discretion of the trial court.

█ Respondent has moved to strike the statement of facts, for the reason that the same contains over two hundred pages and no abstract was filed by appellant within the time fixed by the rules. Appellant prepared and filed an abstract prior to the date fixed for argument of her appeal. Under these circumstances, respondent's motion to strike the statement of facts is denied, but because of appellant's delay in filing the abstract and flagrant disregard of the rule requiring an abstract to be prepared, served and filed within a fixed time, no costs will be allowed appellant on account of the statement of facts or abstract.

█ Respondent contends that appellant should have applied to this court for a writ of mandate requiring the trial court to embody a division of the property of the parties in the interlocutory order. Assuming that appellant might have presented the question to this court by way of an application for such a writ, it cannot be held that that remedy is exclusive. Clearly, a remedy also exists by way of an appeal from the interlocutory order. A trial court might enter such an order immediately and without affording the aggrieved party an opportunity to apply to this court for a writ of mandate, thereby depriving such party of that remedy.

For the reasons assigned, the interlocutory order appealed from is reversed, and the cause remanded with instructions to the trial court to proceed in accordance with this opinion.

STEINERT, C. J., MILLARD, GERAGHTY, and ROBINSON, JJ., concur.