[No. 29123. Department Two. November 2, 1943.]

S. F. REIF, *Appellant*, v. J. T. LaFOLLETTE, *Respondent*.[1]

[1]Reported in 142 P. (2d) 1015.

Bernard A. Johnson and *Roy C. Fox*, for appellant.

*W. L. LaFollette* and *F. L. Stotler*, for respondent.

ROBINSON, J.—In December, 1939, the parties to this action entered into a business arrangement involving the production, processing, and marketing of mustard seed. In carrying out the agreement, which was oral and somewhat informal, differences arose, with the result that, in January, 1942, Mr. Reif, the appellant here, brought this action for an accounting. Issues were made up, and the trial began on November 24th. The oral evidence introduced was supplemented by exhibits consisting of voluminous books of account, checks, and similar items. With the approval and consent of counsel for both parties, the court appointed a referee or auditor to audit the exhibits, and the trial was adjourned to await his report. Upon the resumption of the trial, the auditor's report was submitted, and further oral testimony was taken. As the auditor's report was long and complicated, the trial judge necessarily took the matter under advisement. On February 16, 1943, he entered the "Interlocutory Decree," from which this appeal purports to be taken.

The respondent has moved to dismiss the appeal as premature, contending that this court has no jurisdiction to entertain an appeal from a decree that is merely interlocutory. He points out, not only that the very fact that it is designated as "interlocutory" necessarily implies that it is not a final judgment or decree, but also that the decree itself clearly shows that the court retained jurisdiction to enter a final decree. That this is so is apparent. After adopting the auditor's report in part and making a number of findings of fact, by way of introduction, the court entered the following decree:

"WHEREFORE, THE Court being fully advised in the premises, IT IS ORDERED, ADJUDGED AND DECREED that:

"Plaintiff has no right or title to or interest in said leases, warehouses and equipment and machinery, or any thereof, but the same belong to defendant in his own right.

"That said report of said referee be and the same is hereby confirmed and accepted as the accounting between plaintiff and defendant except as herein disallowed.

"The parties hereto ceased transaction of said business August 18th, 1941.

"That because defendant is carrying 627,940 pounds of mustard seed on consignment to Continental Grain Company for which there is no market and has been none since delivery thereof to defendant, and as it is impossible to liquidate said business, and as it cannot be determined whether there is a profit of loss in said business, this cause be and the same is hereby continued for final accounting upon liquidation of said business, and this court reserves full jurisdiction for such purpose.

"That defendant at this time pay to said referee $40.00 for his services and expenses in making said accounting, said sum and other costs herein *to abide the final result of this litigation to be determined by a final decree.*

"Exceptions are hereby allowed plaintiff for adverse rulings herein."  (Italics ours.)

■ Appellant contends that the decree is, to all intents and purposes, final, since it settles all the disputed issues of the case and leaves nothing to be litigated.  He further urges that the decree is analogous to an interlocutory decree of divorce from which an appeal may lawfully be taken.  But the answer to that is that an appeal is allowed from the interlocutory decree in divorce actions by a special statute which makes the interlocutory decree, instead of the final decree, appealable in actions of that character. *Ihler v. Ihler,* 139 Wash. 363, 247 Pac. 8.  Appeals in all other cases are governed by the general statute, Rem. Rev. Stat., § 1716 [P. C. § 7290], Laws of 1893, chapter 41, p. 119, reenacted by Laws of 1901, chapter 31, p. 28.

■ It was held, as early as 1891, in the case of *Windt v. Banniza,* 2 Wash. 147, 26 Pac. 189, that an appellate court should not depart from the well-known and established

principles of the common law and permit a case to be brought before it piecemeal for review unless clearly authorized to do so by legislative enactment. We have never departed from that rule, but have repeatedly reaffirmed it.

As we have already seen, the decree from which the appeal is taken in the instant case states that a final decree will be entered later. From that final decree, when and if entered, an appeal by either party will undoubtedly lie. To entertain the present appeal would be in direct violation of the rule of the *Windt* case, *supra,* which has been consistently followed for more than fifty years.

■ Furthermore, we would be compelled to dismiss this appeal even if respondent, instead of moving to dismiss it, expressly consented to our considering it, for it is clear that we have no jurisdiction to entertain it.

The preamble of the controlling statute (Rem. Rev. Stat., § 1716) is as follows:

"Any party aggrieved may appeal to the Supreme Court in the mode prescribed in this title from any and every of the following determinations, *and no others,* made by the superior court, or the judge thereof, in any action or proceeding." (Italics ours.)

It is then provided, in paragraph one, that an appeal may be taken from the "final judgment" entered in any action or proceeding, and this is followed by six other numbered paragraphs, listing orders from which appeals may be taken. A brief examination of § 1716 is all that is required to ascertain that the "determination" now appealed from is not of the same character as any of those listed as appealable in paragraphs two to seven, inclusive, and that no jurisdiction is given to this court to entertain this appeal, unless the interlocutory decree, which appellant seeks to review, is, as he contends, a "final judgment," within the meaning of paragraph one. This it clearly cannot be.

■ Since territorial days, a judgment has been defined in our codes as follows:

"A judgment is the final determination of the rights of the parties in the action." Rem. Rev. Stat., § 404 [P. C. § 8078].

There is nothing even approaching a final judgment in the so-called interlocutory decree. Under the definition above quoted, it does not even have the force of a judgment; for it does not determine the rights of the parties in the action. The plaintiff sought to recover partnership profits. The final words of defendant's answer are: ". . . and there is nothing due and owing from defendant to plaintiff." The trial judge arrived at a point where he was able to decide some of the matters involved, but could not determine whether the plaintiff was entitled to recover anything or not. He thereupon entered the so-called interlocutory decree, hereinbefore quoted in full, in which it is recited:

". . . and as it cannot be determined whether there is a profit *of* loss in said business, this cause be and the same *is* hereby continued for final accounting upon liquidation of said business, and this court reserves full jurisdiction for such purpose."

The decree cannot possibly be considered as having the force of a final judgment because:

"A final judgment is such a judgment as at once puts an end to the action by declaring that the plaintiff has or has not entitled himself to recover the remedy for which he sues." 1 Black on Judgments (2d ed.) 31, § 21.

Nor does the decree in any way purport to be a final judgment. It is not only designated as "interlocutory," but it expressly states that a *final* decree will be entered later. We requote the paragraph last but one:

"That defendant at this time pay to said referee $40.00 for his services and expenses in making said accounting, said sum and other costs herein *to abide the final result of this litigation to be determined by a final decree.*" (Italics ours.)

The appeal is premature, and the respondent's motion to dismiss must be granted. It is so ordered.

SIMPSON, C. J., MILLARD, BLAKE, and MALLERY, JJ., concur.