[No. 29526. Department Two. February 2, 1945.]

MARIAN JUNE FORD, *Respondent*, v. DONALD E. FORD, *Appellant*.[1]

*Alec Duff*, for appellant.

*Little, Leader, Le Sourd & Palmer*, for respondents.

BLAKE, J.—This is an appeal by defendant from an order denying his petition to vacate an interlocutory order of divorce, which was entered on his default.

Prior to the commencement of the action, the plaintiff and defendant entered into an agreement settling their property rights. The court, however, declined to approve the agreement and decreed a division of the property of the parties much more favorable to plaintiff.

[1] Reported in 155 P. (2d) 485.

■ In his petition to set aside the interlocutory order, defendant charged that the court's action in this respect was induced by fraud perpetrated on the court by plaintiff at the trial. In denying the petition, the court found that the charge of fraud was not substantiated. Upon the record, we think this finding is not open to challenge; for it is quite apparent that the court's action with respect to the division of the property was prompted by a suggestion from the divorce proctor and upon its own sense of responsibility under Rem. Rev. Stat., § 989 [P. C. § 7508].

Were the matter of fraud the sole issue presented by the record, we should have no hesitancy in affirming the order denying the petition to vacate the interlocutory order.

■ While the interlocutory order is not now before us for review, it bears on its face a provision which was beyond the power of the court to enter; and, because of that provision, we think the order should be vacated in so far as it affects the property rights of the parties. The provision is as follows:

. "It is further ordered and adjudged that the court hereby reserves for a period of six months the jurisdiction on its own motion to alter the provisions of the property settlement agreement . . ."

The court's power over property rights of parties to a divorce action derives from Rem. Rev. Stat. (Sup.), § 988 [P. C. § 7507], which provides:

"If . . . the court determines that either party, or both, is entitled to a divorce an interlocutory order must be entered accordingly . . . ; which order shall also make all necessary provisions as to alimony, costs, care, custody, support and education of children and custody, management and division of property, *which order . . . as to the custody, management and division of property shall be final and conclusive upon the parties subject only to the right of appeal;* . . ." (Italics ours.)

We think the powers of the court with respect "to the custody, management and division of property" are too explicitly defined by the statute to admit of construction. Plainly, the court has no power to reserve the right to

modify the interlocutory order in that respect. By the express terms of the statute, the order must be *final*—*"Subject only to the right of appeal." Brown v. Brown*, 192 Wash. 333, 73 P. (2d) 795.

While, as we have said, the interlocutory order is not before us for review, we are not precluded from setting it aside—in so far as it affects the property rights of the parties—at the behest of the defendant, whose rights are adversely affected by a provision appearing on its face which was beyond the power of the court to make.

The order denying defendant's petition to vacate the interlocutory order is reversed, to the end that, after hearing, a *final* order be entered with respect to the division of the property of the parties.

BEALS, C. J., SIMPSON, ROBINSON, and MALLERY, JJ., concur.