[No. 29840. Department Two. January 2, 1946.]

THE STATE OF WASHINGTON, *on the Relation of Kristine Gaupseth, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Hugh C. Todd, Judge, Respondent.*[1]

[1]Reported in 164 P. (2d) 890.

*Adam Beeler* and *B. H. Camperson,* for relator.

*Ralph A. Horr,* for respondent.

ROBINSON, J.—On August 14, 1945, Kristine Gaupseth, the relator, was granted an interlocutory decree of divorce in cause No. 359244, in the superior court of the state of Washington in and for the county of King, entitled Kristine Gaupseth v. Sigurd Peter Gaupseth. The decree confirmed, ratified, and approved a written agreement previously made by the parties dividing their property. No appeal from the decree was taken, and no final decree has as yet been entered in the action.

On October 19, 1945, Sigurd Peter Gaupseth, defendant in the cause, filed therein the following petition:

"Comes now the defendant in the above entitled action, and moves this Honorable Court for a modification of the Decree of Divorce granted to the plaintiff herein on the 14th day of August, 1945. Said Interlocutory Decree of Divorce provided, among other things, (1) that all of the community property belonging to the plaintiff and the defendant, to-wit: approximately $7000 was awarded to the plaintiff and an additional alimony of $50 per month. That when said Interlocutory Decree was granted the defendant had been defaulted, and not represented by counsel.

"That furthermore certain matters affecting the rights of both parties were never presented to this Court.

"WHEREFORE DEFENDANT prays that this said Interlocutory Decree be set aside and that an equal distribution be made of said properties owned by the community, and for such other and further relief as to this court may seem just and equitable.

"This petition is based upon the affidavit of the defendant attached hereto, and made a part of the herein."

The attached affidavit contained recitals tending to show that petitioner's signature to the property agreement, which the court had confirmed and adopted in the interlocutory

decree, had been secured by fraud. Of these recitals, the most direct was the following:

"That the defendant thinking that he had signed only an agreement to pay $50 per month, and being unfamiliar with the English language, signed the same, not realizing that he had agreed to turn over to the plaintiff the entire assets of the community, worth approximately $7000.00."

Upon the presentation of the petition and affidavit in the superior court, an order to show cause was issued directing the plaintiff, Kristine Gaupseth, to appear at a date and hour therein fixed " . . . and answer the petition of the petitioner and have the issues upon said petition set for hearing," and

"IT IS FURTHER ORDERED by the court that service of the certified copy of this order upon the plaintiff at least three days prior to the return day above fixed shall be due and legal notice of hearing upon said petition."

A certified copy of the petition, affidavit, and order to show cause was forthwith served upon Mr. Adam Beeler, who represented the plaintiff in the divorce action. No service of any of these papers was made upon the plaintiff, Mrs. Gaupseth, the relator here. Mr. Beeler filed, on his client's behalf, the following special appearance and motion to quash:

"Comes now the plaintiff, Kristine Gaupseth, and appearing specially, but not generally, respectfully moves the court to quash purported service of order to show cause, petition for modification of decree and affidavit, for the reason that the same has never been legally served upon her in the manner provided by law. This motion is based upon the records and files herein and the affidavit of the plaintiff attached hereto."

Upon argument of this motion on December 5th before the Honorable Hugh C. Todd, one of the judges of the superior court of the state of Washington in and for the county of King, the said judge announced that he would deny the motion to quash, but would not then set the matter for hearing upon the merits if the plaintiff would promptly apply to this court for a writ of prohibition in order to secure a final determination as to the question of jurisdiction.

On December 7th, on relator's application, an order was issued by this court requiring the petitioner to show cause on December 21st why a writ of prohibition should not issue. Both parties filed written briefs, and we have heard oral argument on behalf of both.

As may be seen by reference to the petition hereinabove quoted in full, the defendant prays that the "interlocutory decree be set aside and that an equal distribution be made of said properties owned by the community." That is the real relief sought by the action, and we do not think it is in any way enlarged by the general and familiar language which follows it, "and for such other and further relief as to this court may seem just and equitable." At the most, that only can refer to matters collateral and incidental to the relief sought.

■ It is contended on behalf of the petitioner that the court already has personal jurisdiction of the relator. It is said, as is the fact, that the final decree has not been entered in the case, and it is contended that the jurisdiction of the court over both the subject matter of the action, and of the parties also, must in the very nature of things be continuous. But as to the disposition of the property of the parties, that contention is unsound. That part of the decree is final. The statute makes it so in the plainest possible terms, as we have held in *Brown v. Brown*, 192 Wash. 333, 73 P. (2d) 795, and very recently in *Ford v. Ford*, 22 Wn. (2d) 303, 155 P. (2d) 485. The statutory language is as follows:

" . . . such order [the interlocutory decree], however, as to the custody, management and division of property shall be final and conclusive upon the parties subject only to the right of appeal; . . ." Rem. Rev. Stat. (Sup.), § 988 [P. P. C. § 23-15].

■ It being no longer possible to appeal from the interlocutory decree since it was entered in August, 1945, the petitioner here can only get at the matter of the property settlement by a motion to vacate or modify the decree, under some provision of Rem. Rev. Stat., §§ 303, 464-473, following the procedure prescribed in Rule 13 of Rules of Practice, which became effective March 2, 1944. Rule 13

will be found in 18 Wn. (2d) at page 41-a. The rule modified to some extent the procedure indicated in the statutes above cited, and made certain of our former decisions no longer apposite. It reads, in part, as follows:

*"The motion, affidavit, and the order to show cause shall be served upon all parties affected in the same manner as in the case of summons in a civil action* such time before the date fixed for the hearing as the order shall provide; but in case such service cannot be made, the order shall be published in the manner and for such time as may be ordered by the court, and in such case a copy of the motion, affidavit, and order shall be mailed to such parties at their last known post office address and a copy thereof served upon the attorneys of record of such parties in such action or proceeding such time prior to the hearing as the court may direct.

"Except as modified by this rule, Rem. Rev. Stat., §§ 303, 464-473 [P. C. §§ 8336, 8130-8139], shall remain in full force and effect." (Italics ours.)

Clearly, the rule requires personal service on the adversary party, if such service can be made, and, if it cannot, then it must be made by publication, plus service on the adversary's attorney of record.

██ In this instance, the relator was not served personally, although it is alleged, and not denied, that, during all the time since the entry of the interlocutory decree, she has lived at 6515 Earl avenue northwest, in the city of Seattle. Nor was there any attempt to serve her in any other way. A certified copy of the petition, affidavit, and order to show cause was merely served on the relator's attorney of record.

The relator's motion to quash the pretended service should have been granted. It gave the court no jurisdiction of her person.

The relator is legally entitled to the writ prayed for. We presume, however, that, under the circumstances above stated, its formal issuance will not be required.

DRIVER, C. J., BLAKE, SIMPSON, and JEFFERS, JJ., concur.