GILBERT B. HAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19918. Promulgated November 30, 1949.

*Clifford Hoof, Esq.*, for the petitioner.
*William E. Koken, Esq.*, for the respondent.

OPINION.

LeMire, *Judge*: This proceeding involves a deficiency in income tax for the year 1945 in the amount of $5,812.53. The sole question in issue is whether petitioner's business income for the period between the date of an interlocutory decree of divorce and the date of a final decree of divorce is taxable to him as separate income, or whether it was community income.

The facts are set out in a written stipulation which, together with the documents attached thereto, we adopt as our findings. The material facts are as follows:

The petitioner is an individual, residing in Seattle, Washington. His income tax return for the year 1945 was filed with the collector for the district of Washington. During 1945 the petitioner operated a chain of meat markets in Seattle, known as Hay's Markets.

The petitioner and Mary Margaret Hay were married in Seattle on July 19, 1937, and thereafter lived continuously in Seattle throughout the period here involved.

Subsequent to the institution of a divorce action by the petitioner's wife, she and petitioner entered into a "Property Settlement Agreement," which provided in part as follows:

WHEREAS they desire to make a property settlement in the event an interlocutory decree of divorce is granted to either of the parties in the above-entitled case;

Now, THEREFORE, it is mutually agreed by and between the parties that, in the event an interlocutory decree of divorce is entered herein, the said decree shall provide as follows:

1. That the plaintiff shall have as her sole and separate property the following:
   (a) The home located at 6543—49th Avenue, Southwest, Seattle, Washington.
   (b) All the furniture, furnishings, fixtures and personal effects located in said home;
   (c) One Buick automobile, Motor No. 53958293;
   (d) Any personal bank accounts, cash and bonds in her possession;
   (e) The sum of Twenty-five Thousand Dollars ($25,000.00).

2. That the defendant shall have as his sole and separate property all the remaining cash, bonds and personal property owned by the community composed of plaintiff and defendant.

\*      \*      \*      \*      \*      \*      \*

6. No alimony or support money shall be awarded to the plaintiff.

7. Each party shall pay his or her own costs and attorney's fees.

8. Each of the parties agrees to execute whatever instruments or documents may be necessary to effectuate the aforesaid provisions.

9. This agreement shall be filed in the above-entitled case and approved by the court.

The agreement also provided for the custody of the three children, for monthly payments for the maintenance of the children, and for the maintenance by petitioner of a specified amount of life insurance in favor of the children.

On April 30, 1945, an interlocutory decree of divorce was granted to the petitioner's wife by the Superior Court of the State of Washington for King County. The court found in paragraph V of the findings of fact and conclusions of law as follows:

That during the married life of the parties hereto, they have accumulated community property of the approximate value of $57,000.00. That the parties have entered into a property settlement agreement with the advice and assistance of their respective counsel. That said property settlement agreement is a fair, just and equitable one, and should be approved by this court and incorporated as a part of the interlocutory decree.

The interlocutory decree of divorce in similar language declared the property settlement agreement to be fair, just, and equitable; approved and confirmed it; and incorporated it as a part of the decree.

In compliance with the provisions of the interlocutory decree of divorce the petitioner, during the months of May and June 1945, executed and delivered the necessary documents of title and transferred possession of the money and property described in paragraph 1 of the property settlement agreement to his wife.

A final decree of divorce was granted to the petitioner's wife on December 7, 1945, by the Superior Court of the State of Washington for King County. The decree found that the petitioner and his wife had lived apart since the date of the interlocutory decree, approved and confirmed the interlocutory decree in all respects, and formally terminated the marriage of petitioner and his wife.

During their married life the petitioner and his wife accumulated community property of the total approximate value of $57,000. The property settlement agreement which they entered into was in contemplation of divorce and was intended to make a complete and final settlement of all their community property in the event an interlocutory decree of divorce was granted to either party. The agreement was incorporated as a part of the interlocutory decree, which expressly disposed of all the community property of the petitioner and his wife. There was no appeal from the interlocutory decree, and it was never set aside or modified.

In their separate income tax returns for 1945 the petitioner and his wife reported as community income the income from the business of Hay's Markets for the year 1945 earned up to December 7, 1945, the date

of the final decree of divorce. The respondent determined that only that portion of the business income for 1945 earned prior to April 30, 1945, the date of the interlocutory decree of divorce, was community income and that the portion earned thereafter was petitioner's separate income. Neither the petitioner nor his wife reported as community income the compensation for personal services earned by the petitioner's wife subsequent to the date of the interlocutory decree.

The petitioner contends that, since the State of Washington is a community property state and the wages and earnings of the husband during the existence of the marital community constitute community property, all of his earnings up to the date of final dissolution of his marriage are community property. Respondent contends that the interlocutory decree of divorce granted to petitioner's wife on April 30, 1945, was intended to, and did, dispose completely and finally of all the community property of the petitioner and his wife, and that after that date all of petitioner's business income was his separate property.

The status of property, whether separate or community, is determined in Washington as of the date of its acquisition. *Rogers* v. *Joughin*, 277 Pac. 988. Ordinarily, all property not acquired prior to marriage by gift, devise, or descent but acquired after marriage by either the husband or the wife, or both, is community property. Remington's Revised Statutes of Washington, §§ 6890, 6891, 6892. However, where the husband and wife have separated and have instituted action for divorce, the trial court has power to adjust the property rights of the husband and wife. That power with respect to the property rights of the parties is derived from Remington's Revised Statutes, § 988, which provides in part:

* * * If, however, the court determines that either party, or both, is entitled to a divorce an interlocutory order must be entered accordingly, declaring that the party in whose favor the court decides is entitled to a decree of divorce as hereinafter provided; which order shall also make all necessary provisions as to alimony, costs, care, custody, support and education of children and custody, management and division of property, which order as to alimony and care, support and education of children may be modified, altered and revised by the court from time to time as circumstances may require; *such order, however, as to the custody, management and division of property shall be final and conclusive upon the parties subject only to the right of appeal;* but in no case shall such interlocutory order be considered or construed to have the effect of dissolving the marriage of the parties to the action, or of granting a divorce, until final judgment is entered; *Provided,* That the court shall, at all times, have the power to grant any and all restraining orders that may be necessary to protect the parties and secure justice. Appeals may be taken from such interlocutory order within ninety days after its entry. [Emphasis supplied.]

The question which we must resolve here is whether the interlocutory decree of divorce granted to petitioner's wife on April 30, 1945, made complete and final disposition of the community property of the peti-

tioner and his wife, or whether final disposition of the property was not made until the date the final decree of divorce was granted on December 7, 1945.

This statutory provision has been interpreted by the Supreme Court of Washington in numerous cases. Its decisions have uniformly held that the property of the parties in a divorce proceeding is before the trial court for disposition in the interlocutory decree of divorce. *Luithle* v. *Luithle*, 161 Pac. (2d) 152; *Mapes* v. *Mapes*, 167 Pac. (2d) 405; *Beakley* v. *Beakley*, 170 Pac. (2d) 314; *Biehn* v. *Lyon*, 189 Pac. (2d) 482. It is well settled that an interlocutory decree of divorce finally and conclusively determines all property rights of the parties with respect to property brought to the attention of the court. The interlocutory decree has the same force and effect as to the property rights of the parties as would a final judgment, and the matter can not be reserved to be determined by the final decree. *Gardner* v. *Herbert*, 5 Pac. (2d) 782; *Brown* v. *Brown*, 73 Pac. (2d) 795. It is clearly the duty of the trial court to dispose of all property of the parties brought to its attention in the trial of a divorce case in the interlocutory decree. Once the interlocutory decree has been entered, by the express terms of the statutes it is final, subject only to the right of appeal, and the trial court has no power to modify it as to the disposition of property rights. *Brown* v. *Brown*, *supra; Ford* v. *Ford*, 155 Pac. (2d) 485; *White* v. *White*, 163 Pac. (2d) 137; *State* v. *Superior Court*, 164 Pac. (2d) 890. The expression of intent of the parties in their property settlement agreement to dispose of all their community property "in the event an interlocutory decree of divorce is granted to either of the parties" in the divorce action, the incorporation of the agreement in the interlocutory decree, and petitioner's immediate transfers of title and possession of the property awarded to his wife after the interlocutory decree indicate that all of the parties' community property rights were resolved in accordance with their understanding and intention. There having been no appeal from the interlocutory decree of divorce and a final decree having been entered, the property rights of the parties as to all property brought to the attention of the trial court were conclusively established. The petitioner's wife had no interest in petitioner's property subsequent to the date of the interlocutory decree. *White* v. *White*, *supra; Biehn* v. *Lyon*, *supra*.

The case of *In re Martin's Estate* (1923), 219 Pac. 838, cited by both parties in their briefs, is clearly distinguishable on the facts from the case before us and is therefore not controlling. Evidently, the Supreme Court of the State of Washington reached the same conclusion. The recent case of *Biehn* v. *Lyon*, *supra*, involved facts substantially the same as in the case before us. That court in that case had before it the same proposition with which we are confronted. It disposed of the question in the following language:

It is clearly the duty of the trial court to dispose of all property of the parties which may be brought to its attention during the trial of a divorce case: Rem. Rev. Stat. par. 988, 989; *Luithle* v. *Luithle*, 23 Wash. 2d 494, 161 P. (2d) 152, **and** cases there cited; *Holm* v. *Holm*, 127 Wash. Dec. 429, 178 P. (2d) 725. *There having been no appeal from the interlocutory decree of divorce and a final decree having been entered, the contract became Mr. Biehn's separate property and the appellant had no interest in it subsequent to the date of the interlocutory decree:* Rem. Rev. Stat. par. 988; *White* v. *White*, 24 Wash. 2d 52, 163 P. (2d) 137. [Emphasis supplied.]

We conclude that all of the community property rights of the petitioner and his wife were completely and finally determined by the interlocutory decree of divorce on April 30, 1945. After that date the petitioner's wife had no interest in Hay's Markets. Since, under Remington's Revised Statutes, § 6890, the rents, issues and profits of the husband's separate property are his separate property, it follows that the respondent was correct in taxing to petitioner as his separate income all of his business income from Hay's Markets earned after April 30, 1945.

*Decision will be entered for the respondent.*