[No. 32462. Department Two. August 20, 1953.]

CLARENCE H. McLAUGHLIN, *Respondent*, v. LAURA McLAUGHLIN, *Appellant*.[1]

*P. R. McIntosh* and *Wm. S. Lewis*, for appellant.

*George N. Lusch* and *Graham K. Betts*, for respondent.

SCHWELLENBACH, J.—Clarence H. and Laura McLaughlin, in separate actions, sued each other for divorce. The two cases were consolidated for trial. The trial court granted a divorce to each party. The decree, which was signed and entered January 23, 1953, provided:

[1]Reported in 260 P. (2d) 875.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties own an equal interest in the following real property, also known as 4157-23rd S.W.

"Lots 11 and 12 in Block 1, of Southern Pacific Supplemental Addition to West Seattle, as per plat recorded in Volume 3 of Plats on page 37, records of King County, Washington.

"That Laura C. McLaughlin is awarded the exclusive use and possession for six months from January 13, 1953, of the above described property. That the parties are ordered to dispose of said property by agreement within that said period of time.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event the parties have not disposed of the said real property by agreement that the said property shall be sold and the proceeds divided between the parties pursuant to the Findings of Fact, Conclusions of Law and Divorce Decree."

February 9, 1953, the husband made what he termed "MOTION OF CLARENCE H. MCLAUGHLIN TO COURT TO RECONSIDER." In it he alleged that, at the oral announcement of decision, the court stated that the wife was being permitted to occupy the premises for six months, and that neither party would be allowed to occupy the premises with a newly married husband or wife; that she had remarried February 7, 1953, and that she and her new husband were presently occupying the premises in question. He prayed that the court reconsider its decision and require the property to be sold.

February 25, 1953, the court issued its "SUPPLEMENTAL DECREE OR ORDER REGARDING PROPERTY". It told of Mrs. McLaughlin's remarriage, and stated:

". . . and being of the opinion injustice would result by permitting the defendant to occupy the premises for six (6) months before making any attempt to dispose of the property IT IS NOW THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED that the Decree, Findings of Fact and Conclusions of Law previously entered in this matter of—January, 1953, should be and the same are hereby modified or clarified in the following respects:"

The decree then provided that the wife and her new husband pay the sum of forty dollars per month to Clarence H.

McLaughlin and that the property be sold. It also provided that, in the event that the wife disobeyed the order, the court was retaining jurisdiction over the property and that the matter might be brought before the court as in contempt proceedings, or in any other proceedings that might be proper in the circumstances. The wife appeals.

 Respondent has sent up a supplemental transcript which includes the oral decision of the trial court in the original divorce case. The court refused to certify this as a statement of facts. We have many times held that, on appeal, we will not consider a memorandum opinion unless it is incorporated as a part of the statement of facts. *Whitehead v. Satran,* 37 Wn. (2d) 724, 225 P. (2d) 888.

The appeal is based mainly on the ground that the court had no jurisdiction of the subject matter.

 RCW 26.08.110 provides that the decree of divorce, as to alimony and the care, custody, support, and education of children, may be modified, altered, and revised by the court from time to time, as circumstances may require. However, it then continues:

"Such decree, however, as to the dissolution of the marital relation and to the custody, management and division of property shall be final and conclusive upon both parties subject only to the right to appeal as in civil cases, and provided that the trial court shall at all times including the pendency of any appeal, have the power to grant any and all restraining orders that may be necessary to protect the parties and secure justice."

The prior act was Rem. Rev. Stat., § 988. It provided:

" . . . which order as to the custody, management and division of property shall be final and conclusive upon the parties subject only to the right of appeal; . . ."

The above section was first construed in *Cassutt v. Cassutt,* 126 Wash. 17, 217 Pac. 35, wherein we held that, while under the statute the court had the power to reserve jurisdiction as to matters concerning the care, custody, support, and education of children, the superior court had been deprived of authority to retain jurisdiction over the custody, management, and division of the property of the parties, and that as to such matters the interlocutory order was final. In *Brown*

*v. Brown,* 192 Wash. 333, 73 P. (2d) 795, we held that the court could not retain continuing jurisdiction over the property, so as to divide it on final decree, rather than upon the entry of the interlocutory order.

In *Ford v. Ford,* 22 Wn. (2d) 303, 155 P. (2d) 485, the interlocutory order provided:

" 'It is further ordered and adjudged that the court hereby reserves for a period of six months the jurisdiction on its own motion to alter the provisions of the property settlement agreement . . .' "

We held:

"We think the powers of the court with respect 'to the custody, management and division of property' are too explicitly defined by the statute to admit of construction. Plainly, the court has no power to reserve the right to modify the interlocutory order in that respect. By the express terms of the statute, the order must be *final—'Subject only to the right of appeal.'* "

Respondent contends that, under the provisions of RCW 4.72.010, the court may, within one year, vacate or modify a judgment,

"(4) For fraud practiced by the successful party in obtaining the judgment or order; . . ."

As stated before, the court's oral memorandum opinion is not properly before us and we cannot consider it. From the record before us, there is nothing to indicate fraud. Furthermore, the court did not find any fraud in its supplemental decree or order.

Respondent relies upon that portion of RCW 26.08.110 which reads:

". . . provided that the trial court shall at all times including the pendency of any appeal, have the power to grant any and all restraining orders that may be necessary to protect the parties and secure justice."

That provision merely gives the trial court the right, during the pendency of an appeal, to *enforce its decree,* and to protect the parties as to any rights which the decree gave to them.

The supplemental decree stated that the decree, findings,

and conclusions "are modified or clarified in the following respects."

We find nothing in the decree which needs clarification. It is perfectly clear. It awarded to the wife, without qualification, the exclusive use and possession of the property for six months.

■ The decree cannot be modified, since, by the express terms of the statute, the award as to the custody, management, and division of property is final and conclusive, subject only to the right of appeal. The trial court has no power or jurisdiction to modify it in that respect.

The supplemental decree or order regarding property is reversed and remanded, with direction to set it aside.

GRADY, C. J., HAMLEY, DONWORTH, and FINLEY, JJ., concur.