ISABELLA T. WALLS. Appellant, v. JOHN WALLS, Appellee.

(*January* 29, 1964.)

TERRY, C. J., and WOLCOTT and CAREY, J. J., sitting.

*William S. Satterthwaite* (of Satterthwaite and Satterthwaite) for appellant.

*Rodney M. Layton* (of Richards, Layton and Finger) for appellee.

Supreme Court of the State of Delaware.

TERRY, Chief Justice.

On February 15, 1963, plaintiff fied a complaint for divorce in the court below, alleging that he and defendant had voluntarily lived separate and apart without any cohabitation for three consecutive years prior to the filing of the complant, and that such separation was beyond any reasonable expectation of reconciliation. Following the filing of the answer of defendant, trial was held on June 28, 1963. On July 22, 1963, the trial court, in a letter opinion to counsel, indicated that, in his opinion, plaintiff was entitled to judgment and directed the entry of a decree nisi. On October 11, 1963, defendant filed notice of appeal to this court, alleging that the evidence adduced at the hearing was insufficient to show a voluntary separation within the meaning of 13 *Del. C.* Sec. 1522(11).

In addition to requesting affirmance of the decision

of the court below, plaintiff contends that the appeal must be dismissed as untimely. Because of our disposition of this matter, we shall consider this contention prior to reaching a decision upon the merits of the appeal. Plaintiff's contention is predicated upon 10 *Del. C.* Sec. 148 and Rule 23 of the Rules, *Del. C.*, of this court. 10 *Del. C.* Sec. 148 provides:

"No appeal from a final judgment of the Superior Court in a civil action shall be received or entertained in the Supreme Court, unless the praecipe or notice of appeal is duly filed in the office of the clerk thereof within 60 days after the entry of such judgment. This section shall not affect the time for appeal from final judgments entered prior to April 2, 1958, which shall be subject to the six months' limitation in effect prior to such date."

Rule 23, which reinforces the statutory mandate, is as follows:

"No appeal shall be received in this court unless the praecipe or notice of appeal shall be filed in the office of the clerk of the court within 60 days after the entry of the judgment or decree of the court below, or, in the case of appeals from criminal cases, within 60 days after the imposition of sentence; subject, however, to the provisions of Article V., § 8 of the Constitution and to the provisions of 10 *Del. C.,* § 146."

■ ■ This appeal was admittedly taken 81 days after the entry of the decree nisi, and accordingly well beyond the 60-day period prescribed in the above-cited statute and rule. Defendant initially contends, however, that a decree nisi is not a final judgment within the meaning of 10 *Del. C.,* Sec. 148. While it is admittedly true that the matrimonial relationship subsists until the entry of an absolute decree, a decree nisi represents the conclusion

of the litigation which generated the divorce proceeding unless disturbed by some subsequent and independent act. As stated by the Supreme Court of Utah: "The decree, when made, is final for the purposes of appeal. * * * It adjudicates the matter in issue, determines the relief granted, and, unless something new is introduced, ends the litigation." *Allred v. Wood,* 72 Utah 427, 270 P. 1089, 1090 (1928). See also 4 Am.Jur. 2d, Appeal and Error, Section 135.

Defendant's extensive reliance upon *Streader v. Streader,* 17 N.J.Super. 123, 85 A.2d 532 (1951), Certification Denied, 10 N.J. 145, 89 A.2d 492, is misplaced. In Streader, the court held that a general rule of court providing time limitations for the perfecting of appeals was inapplicable to divorce proceedings and, accordingly, the general statute prescribing time limitation for such appeals would govern. In the instant case, if Rule 23 is considered inapplicable, the general statute, 10 *Del. C.* Sec. 148, would prescribe the same 60-day limitation. To the extent that the Streader case stands for the proposition that a decree nisi is not a final judgment for the purposes of appeal, we are constrained to disagree with such opinion for the reasons stated above.

Defendant next contends that the above-cited general appeal statute is inapplicable to divorce proceedings in view of the 90-day period prescribed in 13 *Del. C.* Sec. 1534. 13 *Del. C.* Sec. 1534 provides:

"A decree nisi shall become absolute after the expiration of three months from the entry thereof, unless appealed from or proceedings for review are pending, or the court, before the expiration of said period for sufficient cause, upon its own motion, or upon the application of any person, whether interested or not, otherwise orders. At the expiration of three months such final and absolute de-

cree shall be entered upon application to the court by the plaintiff, unless prior to that time cause is shown to the contrary."

■ Defendant advances the well established principle of law that when a statute provides for a specific period of appeal for a given type of action, such statute, with respect to such types of actions, will be deemed to supplant any general statute governing times in which appeals must be taken. See *Ihler v. Ihler*, 139 Wash. 363, 247 P. 8 (1926) and *Winters v. Winters*, Okl., 297 P.2d 556 (1956).

■ However, this argument begs the question, since the issue to be determined is whether or not the above-cited statute is designed to specify a period in which appeals may be taken. The obvious purpose of the waiting period envisioned by 13 *Del. C.* Sec. 1534 is a "cooling-off" period in which reconciliation may occur. It is an expression of the public policy of this State favoring the continuation of the martial relationship and is not designed to prescribe a period in which appeals may be taken. As stated by the Supreme Court of Nebraska: "[The purpose of a waiting period is] * * * to give the spouses an opportunity to perfect a reconciliation which the law always favors." *Shinn v. Shinn*, 148 Neb. 832, 29 N.W.2d 629, 633, 174 A.L.R. 510 (1947). See also 17 Am.Jur., Divorce and Separation, Sec. 472.

Defendant, however, contends that any decision holding her appeal to be untimely should be applied prospectively only, since she was misled, to her detriment, by the decision of the Superior Court in *Vinyard v. Vinyard*, 43 Del. 422, 48 A.2d 497 (1946). In Vinyard, the court stated:

"It is the plain intent of the statute that a divorce shall become final and absolute unless, within the interlocu-

tory period, some action is taken which will have the effect of holding up the matter." (At page 499 of 48 A.2d)

Defendant interprets this language to indicate a holding by that court that the 90-day period prescribed in 13 *Del. C.* Sec. 1534 established the maximum period in which an appeal could be taken from a decree nisi. A reading of the Vinyard decision and especially the cited language does not support this contention.

The language cited by defendant does not utilize the term "appeal" but merely refers to the possibility of "some action" which, when taken by the parties, would prevent the issuance of an absolute decree. As stated by the court, if reconciliation, remarriage, adultery, or fraud was discovered during the 90-day period, the court would have adequate grounds for refusing to grant an absolute divorce.* In other words, the court did not hold that the 90-day period was equivalent to the period in which an appeal must be taken but rather held that an absolute decree of divorce would be issued upon the expiration of 90 days unless some subsequent intervening act of the parties justified the court in withholding such absolute decree.

In any event 10 *Del. C.* Sec. 148 was enacted subsequent to this decision, and we perceive no reason to apply any decision prospectively.

The time for taking an appeal in divorce matters is prescribed by 10 *Del. C.* Sec. 148 and Rule 23 of the Rules of this court. 13 *Del. C.* Sec. 1534 does not prescribe a different standard, and accordingly is not relevant to a decision upon the motion to dismiss. The motion is, therefore, granted. By reason of our conclusion on the motion to dismiss a determination of the appeal on the merits becomes moot.