[No. 1967-1.    Division One.    April 22, 1974.]

ESTELLE M. BENNER, *Respondent*, v. GORDON M. BENNER, *Appellant*.

*Robert Earl Smith*, for appellant.

*William S. Howard*, for respondent.

FARRIS, J.—The marriage of Estelle and Gordon M. Benner was terminated by entry of a decree of divorce on May 1, 1970, in Seattle, Washington. Neither party appealed. On December 14, 1971, Gordon M. Benner petitioned for partition of the parties' property in accordance with the decree of divorce. The trial court found as a fact:

> That had division of the properties been effected on the date of the entry of the decree herein, May 1, 1970, each of the parties would have had (exclusive of household furnishings) money and assets of the value of $8,561.97, before allocations for attorney fees and costs.

Finding of fact No. 1.

> That subsequent disagreements, litigation, and continuous failure and refusal of defendant to produce assets for division, have made it impossible for a division of the assets, either liquid or in kind, without further determination by the court at this time of presently existing assets, the value of each, and an allocation of each to the party to whom it should be distributed.

Finding of fact No. 2. The trial court then entered an order making a new division of the property, which was based in part on the report of a commissioner/referee marshaling and valuing the property.

■ We reverse. We do not question the equity of the trial court's division of the property, but where the division of property provided for in a decree of divorce can be effected, it is error to make a new division.

The inability of the parties to agree on the value of their personal property did not prevent execution of paragraph 2 of the divorce decree, which provided for equal division, in kind if possible. The divorce court specifically provided for the possibility of an impasse:

> [I]f not capable of division by agreement, [the personal property] shall be liquidated and proceeds evenly divided.

Paragraphs 3 and 4 are likewise clear and capable of enforcement.

> That the real property shall be sold; that from the proceeds, the expense of the deposition taken in Ontario shall be paid first; that the attorney fees of plaintiff shall be deducted from her one-half of the balance of the proceeds and the attorney fees of the defendant shall be deducted from his one-half of the proceeds and the balance shall be distributed to the parties on that basis.

Paragraph 3.

> That the net recovery from plaintiff's cause of action for her personal injury presently pending shall be divided between the parties when it becomes available.

Paragraph 4.

Although the decree might have provided a specific period of time for the sale of the assets and directions for regulating the sale, its silence in these respects is not fatal. That either or both parties now urge a division inconsistent with the decree is of no consequence. The decree fully and finally resolved the interest of the parties in the property.[1] The record reflects nothing that renders the decree impossi-

ble to enforce according to its terms. The court therefore could not properly rewrite the decree. *McLaughlin v. McLaughlin*, 43 Wn.2d 111, 260 P.2d 875 (1953); *White v. White*, 24 Wn.2d 52, 163 P.2d 137 (1945).

We remand the action to the trial court for supervision of the sale of the parties' real property and, if no agreement is reached, personal property, and for division of their assets in accordance with the decree of divorce. Appropriate adjustment should be made for any assets previously dissipated by either party.

Reversed and remanded.

JAMES and CALLOW, JJ., concur.

Petition for rehearing denied June 25, 1974.

[1]RCW 26.08.110 provides: "Such decree, . . . as to the dissolution of the marital relation and to the custody, management and division of property shall be final and conclusive upon both parties subject only to the right to appeal as in civil cases, and provided that the trial court shall at all times including the pendency of any appeal, have the power to grant any and all restraining orders that may be necessary to protect the parties and secure justice."